IN THE MATTER OF THE GENERAL ASSIGNMENT OF WILLIAM
B. BURTNETT, FOR THE BENEFIT OF HIS CREDITORS.

[SPECIAL TERM.]

(Decided April 18th, 1879.)

Where, shortly before making an assignment for the benefit of his creditors, the
assignor had allowed a judgment by default to be entered against him, under
which his stock of goods in trade had been levied on and sold, and the facts and
circumstances of the transactions tended to show that the claim sued on was
fictitious, and that it was done for the purpose of defrauding the actual creditors
of the assignor, the court allowed the assignee to bring suit for the recovery
of the property, but refused to allow him to examine, under the provisions of
the General Assignment Act, the persons who were alleged to have taken part in
or have knowledge of the scheme.

THIS was an application by an assignee for the benefit
of creditors for leave to bring certain suits, and also for leave
to examine, under the provisions of the General Assignment
Act, the persons who shared in, and had knowledge of, the
facts on account of which it was proposed to bring these
actions.

The application was based on affidavits which tended to
show, in substance, that the said William B. Burtnett, with
the co-operation of Jennie (his wife) and one Samuel Sam-
uels, with the intent to hinder, delay and defraud his cred-
itors, and prevent his stock in trade, worth about $28,000, or
its proceeds from being applied to the payment of their de-
mands, did procure a fictitious account to be stated between
himself and his said wife, and an action thereon to be
brought in this court in the name of said Samuels, as the
nominal plaintiff, for the benefit of said Jennie Burtnett, and
a judgment thereon to be entered against him for over
$11,000 five days before said assignment; and did also pro-
cure his said stock of goods to be sold out on an execution

issued on said judgment, and the proceeds thereof exceeding $9000 to be paid over by said Samuels to said Jennie Burtnett five days after said assignment.

*Andrew Gilhooly* for the motion.

CHARLES P. DALY, Chief Justice.—The order allowing the assignee to sue will be granted, and whatever examination of parties or witnesses may be necessary to sustain the action must be had in that action. The examination allowed by the assignment act is to aid in the administration of the assignment. If it is necessary to perpetuate testimony, then it should be made under the Revised Statutes, and subject to the restrictions and limitations which by adjudged cases is to be applied to such proceedings. What is sought to be done in this application is to go into the whole alleged cause of action, by the examination of witnesses and the filing of their testimony, before any action is commenced. It is only necessary to suggest the gross abuses that would arise should such a proceeding as this be allowed. The examination as to the whole subject of enquiry has nothing to guide it, and may be as extensive and as irrelevant as the person who obtains such an order wishes. It is impossible for the referee to determine in advance what may or may not be irrelevant, and the most unrestrained license of enquiry would be the consequence. When an action is commenced, and an issue or issues have been found, there is then a defined limit to the enquiry, and a means of determining what is, or is not, relevant.

If an examination is necessary to enable the plaintiff to frame his complaint, he must specifically show why a discovery is necessary for that purpose; or if a discovery is necessary to enable the plaintiff to give or procure evidence, the necessity for it must be equally shown. All that was evidently intended by the 21st section of the assignment act was that parties should have in their assignment proceedings the same powers as to compelling the production and examination of books and papers, the discovery

of evidence requisite to the complete administration of the assigned estate by the court, or the perpetuation of testimony where there is reason to apprehend that the party may lose it, which by various statutory provisions parties have in actions, with the additional right of compelling answers that might criminate the witness, but for the provision in the act, and the right of the party to avail himself of the testimony so taken in any action then pending or thereafter brought. In this case, the institution of an action is indispensable. The assignee was removed to enable the creditors to bring one with the aid of a new assignee. They have applied for liberty to bring one, which has been granted, and which is all that at present they are entitled to.