# N. Y. COMMON PLEAS.

In the Matter of the Assignment of JOHN A. SWEZEY and
JOSEPH DART, and the examination of Dart as a witness.

*Jurisdiction — Adjournment — Appearance — Discretion — Trade-mark —
Title—Burtnett Case (8 Daly, 363)—Examination before referee of
assignor—Scope of such examination—Section 24, general assignment
act of 1877.*

Section 24 of the general assignment act provides that any act or pro-
ceeding commenced or returnable before or instituted or ordered by
one judge, may be heard, continued or completed before any other.

Where, on the return of an order directing the examination of an
assignor, he appears on the return day, and the record so indicates,
such appearance is presumably before the same judge. The examina-
tion of witnesses under this statute (*The General Assignment Act of* 1877
*and amendments*) rests entirely within the discretion of the court; and
applications therefor should be granted only in those cases where
benefit will probably result to the assigned estate or those interested
therein.

Whether or not the title to a trade-mark, passed under a general assign-
ment is not a question involved on the examination contemplated by
the statute. The facts which may control such a proposition, if within
the knowledge of the assignor, whose examination is sought, may be
properly brought out on such examination. Information upon that
subject is proper in aid of the assignment and inquiry is permissible.
The Burtnett case (8 *Daly*, 363) distinguished and held to have no appli-
cation to the one at bar.

The provisions in the order prescribing the scope of the examination
should be modified so as to make the examination conform to the fore-
going views.

*General Term, June,* 1882.

*Before* VAN BRUNT, *C. J.,* J. F. DALY *and* BEACH, *JJ.*

THESE are two appeals; each from an order of special term.
*First.* An order dated December 14, 1881, duly made for
the examination of assignor Dart, as a witness on behalf of
creditors Buckingham and Paulson, on the fifteenth Novem-
ber last. The witness appeared and was sworn, and adjourn-

ments taken until fourteenth December, when Dart's attorneys appeared and moved to set aside the order on two grounds (1) because it was made by his honor JOSEPH F. DALY, at chambers, and his honor judge VAN HOESEN was sitting at chambers on the adjourn day; (2) for want of jurisdiction.

*Robert S. Green* and *Edward K. Jones,* for appellants.

I. The motion below could be heard only by the judge who granted the order to show cause in the first instance, to wit, judge JOSEPH F. DALY. It was heard by some other judge, which was error.

II. The court below had no jurisdiction.

*Chauncey B. Ripley,* for respondents.

I. The first objection, to wit, that the order was returnable before judge JOSEPH F. DALY and could not be heard by judge VAN HOESEN, is untenable (*Rules Supreme Court,* 37, *p.* 133).

II. The second objection, want of jurisdiction, is untenable, because the statute expressly provides for the examination (*General Assignment Act, sec.* 21, *p.* 20).

III. No other objections were made below, none other can be considered here therefore. Besides, witness Dart had waived all objections in the act of being sworn and by signing the adjournment. The order of fourteenth December should be affirmed, with costs.

*Second.* An order dated December 17, 1881, denying an application for a stay of proceedings under the order of fourteenth December. No papers were used on the motion, except the affidavit of Jones, verified thirteenth December. That affidavit was made before the order was made, as appears, affidavit thirteenth December, and order fourteenth December.

*Robert S. Green* and *Edward K. Jones,* for appellants. The Burtnett case is precisely in point, where the chief justice refused a similar application (8 *Daly,* 363). The stay should have been granted.

Matter of Swezey.

*Chauncey B. Ripley*, for respondents.

I. It does not appear on what, if any ground, the stay was asked. It was without notice, as the Code requires (*sec.* 775), and the judge could hardly have granted it on the application. If it was a stay pending an appeal, notice and security should have been given, under the Code, and in accordance with the practice, unless waived (*Code Civ. Pro.*, *secs.* 1305, 1312).

II. Moreover, the opinion filed by judge VAN HOESEN is a complete answer to all questions involved (*Opinion of judge* VAN HOESEN, *Matter of Swezey*, 62 *How. Pr.*, 215, 218–220).

III. The appeal should be dismissed with costs and disbursements, and costs of court below.

BEACH, *J.* — This is an appeal by the assignor Dart from two orders of the special term, one refusing to vacate an order for his examination and the other directing the examination to proceed before a referee. The original order was granted upon the petition of creditors of the estate, averring title to a valuable trade-mark in the assignors at date of the assignment, and that the assignee had not reduced it to possession. The objections appearing in the first order appealed from relate to its being returnable only before the learned justice who granted it, and for want of jurisdiction. The answer to the first objection is that it would appear from the record that the witness appeared on November eighteenth, and presumably before the same judge. But were it not so, any act or proceeding commenced or returnable before, or instituted or ordered by one judge, may be heard, continued or completed before any other (*General Assignment Act, sec.* 24). I can imagine no reason for the objection to jurisdiction.

The examination of witnesses under this statute rests entirely within the discretion of the court, and applications therefor should be granted only in those cases where benefit will probably result to the assigned estate, or those interested therein.

Whether or not this so-called trade-mark passed by the assignment is a question not here involved. The facts which may control such a proposition are within the knowledge of the assignor, whose examination was directed. Information upon that subject it is proper for the creditors to have, because the inquiry is in aid of the assignment, and may be useful to them in promoting action by the assignee, or as a basis for a proceeding against him for a violation of his duty in not preventing illegal use of the name. The examination of witnesses denied *In Matter of Burtnett* (8 *Daly*, 363), was one destined to involve matters within the issues of an action to be brought, and not for pertinent information preliminary to the suit. The application was made by the assignee, who appeared to have all the knowledge necessary for the assertion of his rights.

The order of December seventeenth, directing the examination to proceed before a referee therein named is, in my opinion, too broad in its terms. The portion thereof between the sentence, "To ascertain whether or not certain property called a trade-mark belongs to the assigned estate," and the last clause relative to books and papers should be stricken out.

The order denying motion to vacate original order should be affirmed, and also the succeeding order as hereby modified, without costs of this appeal to either party.

VAN BRUNT, C. J., and J. F. DALY, J., concur.