In the Matter of the Assignment of WILLIAM P. BROWN to JOSEPH W. DURYEE for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided November 22d, 1882.)

A petition by a corporation for the examination of witnesses, under section 21 of the General Assignment Act, should be signed and verified by an officer of the corporation.

Such an examination will be allowed only where its object is to promote ∘ the administration of the assigned estate.

Sections 20 and 21 of the act considered.

A preferred debt must be paid by an assignee for the benefit of creditors though it be usurious.

*Semble,* that the assignee may plead usury in answer to a demand for the payment of a debt not preferred.

*Query,* whether a creditor can compel an assignee to plead usury.

APPLICATION for an order for the examination of the assignor under a general assignment for the benefit of creditors, and others, as witnesses.

The facts are stated in the opinion.

BEACH, J.—The objection to the lack of attorney's address upon the indorsement of petition, although required by rule 7 of this court, might be overcome by amendment, without injury to any interest of the opposing parties, and should therefore be overruled.

The objections to the petition itself are much less technical, because it is the foundation of the proceeding. By section 21, the petition must be of a party interested, and being for the purposes of a motion should be verified by the petitioner. It purports to be that of " The Weidmann Dyeing Company, a corporation organized and existing under the laws of the State of New Jersey." It is signed " Clarence W. Francis, attorney for the Weidmann Dyeing Company," and verified by the book-keeper of the corporation and the director of a

National Bank stated in the verification to be a creditor of the assignor. By what authority the attorney assumes the right to sign the petition is nowhere shown, and by the ordinary rules of procedure no such power exists. No retainer to appear as attorney for a corporation confers it, and no practice warrants an inference by the court, of the petition being that of the corporation. It should be signed by an officer of the corporation, authorized to take action in its behalf.

The verification is equally defective. A book-keeper has no authority to verify the petition, but the verification should be made by the officer signing it. The appended affidavit of the director of another corporation, alleged therein to be a creditor, is as ineffective as would be one of a third party, an entire stranger.

These preliminary objections are sustained, and the proceeding dismissed, with leave to renew the application.

Upon a renewal of the application, the following opinion was rendered, December 11th, 1882.

VAN HOESEN, J.—The assignment is not before me, nor are the schedules, so that I do not know what debts are and what are not preferred. It is settled that a preferred debt must be paid by the assignee even though it be usurious (89 N. Y. 270). It seems also that an assignee may, if he chooses, refuse to pay a debt that is not preferred, and set up the defense of usury thereto. Whether a creditor having no lien can prevent the assignee from paying the unpreferred claim of another creditor on the ground that it is usurious, is not, to my knowledge, yet determined. Before I pass upon the right of an unsecured creditor to prevent an assignee for the benefit of creditors from paying the unpreferred debt of another creditor because it is usurious, I think I ought to hear the creditor whose claim is disputed. None of those creditors are now before me, (at least, I have no reason to suppose that they are) and I do not now express any opinion as to whether their right to share in the assigned estate can be contested by a competing creditor who has acquired no lien upon the estate. If the assignee

Matter of Brown.

should pay them after he has received notice not to do so, he acts at his peril, but they are entitled to their day in court before their rights are passed upon.

One way of testing the question would be to ask the assignee to contest the claims alleged to be usurious, and if he refuses, then to apply for his removal on the ground that having defenses to unlawful claims he would not protect the estate by availing himself of them.

Until it has been decided that one creditor may dispute the validity of another creditor's claim on the ground that it is usurious, I do not feel at liberty to order an examination of the assignor, or other persons, for the purpose of proving that usury exists. It may be entirely irrelevant, and an examination as to irrelevant matters would be a great abuse. I feel bound, therefore, to deny, for the present, but without prejudice, the application for the examination of Brown, Dix and Phyfe as to whether certain notes are usurious.

The examination as to whether Brown made false representations prior to the assignment I must also deny on the authority of the *Burtnett Case*, (8 Daly, 363). Of the correctness of that decision, I have no question. Broad as the language of section 21 is, there can be no doubt that the object of the statute is to facilitate the execution of assignments, and not to furnish a new method of obtaining testimony for the prosecution of actions that do not affect the assigned estate. The assignor may have swindled thousands, but his testimony as to his offenses ought not to be taken under the Assignment Act unless the assigned estate is to be affected thereby. It can not be supposed that the legislature intended that under the Assignment Act any party could be examined on any subject, and that his testimony could be used thereafter in any action against any body, even though the person against whom it was offered never had notice of the examination, or an opportunity to cross-examine ; yet, construed according to its letter, just such proceedings might be had.

Section 20 provides for an examination on an accounting. Section 21 provides for an examination when proceedings on an accounting are not pending ; but the object of the exami-

nation, whenever had, must be to secure a proper administration of the assigned estate, not to promote a litigation the result of which can not affect the assignment, or its execution. Section 21, like the rest of the act, must receive a reasonable construction, and loose though its language be, we are not justified in ascribing to the legislature an intention to violate the fundamental principles of jurisprudence by giving to the words of this section a construction that would authorize a person to examine a witness on any subject whatever, to place the testimony on file in the clerk's office, and then use it "in any action or proceeding then pending or thereafter to be instituted." Common sense tells us that testimony so taken ought not to be used against a person who had no part in conducting the examination, but yet the section imposes no limitation upon the right of an assignee or of a creditor to use it against any one. The legislature, though it has not said so, meant, doubtless, to confine the use of the testimony to cases in which it could be introduced without violating any provision of the constitution, or the rules of law ; and in the same way, it doubtless meant to authorize an examination only in those cases where the assignment and its administration were involved.

I shall vacate the order for the examination, but without prejudice to the right to renew the application when it has been decided that the creditors who have no lien may contest the right of an unpreferred creditor whose claim is usurious to share in the assigned estate.

Order accordingly.