IN THE MATTER OF THE GENERAL ASSIGNMENT OF ALFRED WILKINSON AND J. FORMAN WILKINSON TO CHARLES E. HUBBELL, APPELLANTS.

APPLICATION OF JOHN H. POUNE, RESPONDENT.

*Examination of an insolvent debtor and his general assignee — 1877, chap. 466, sec. 21.*

A county judge having, upon the application of a creditor, made an order requiring insolvent debtors and their general assignee to appear before him and be examined, as provided by section 21 of chapter 466 of 1877, the assignors and assignee moved to vacate the order, upon the ground that some twenty creditors had commenced actions for the purpose of putting their claims in judgment and that the deponent believed that the said creditors intended to bring an action to set aside the assignment and that this application was made in the interest of the said creditors and not for the benefit of the assigned estate. *Held,* that the motion to vacate the order was properly denied.*

APPEAL from an order of the county judge of Onondaga county, denying a motion to vacate an order for the examination of the appellants.

December 9, 1884, Alfred and J. Forman Wilkinson made a general assignment to Charles E. Hubbell for the benefit of creditors, which was recorded December 10, 1884, in the office of the clerk

---

*That this is not a ground for refusing an examination was reaffirmed in *Matter of Kopelowich* at this term. (See list of decisions of this term, *post.*)

of the county of Onondaga. The assignee accepted the trust and entered upon the discharge of his duties. December 20, 1884, an inventory and schedules were filed, pursuant to section 3 of the general assignment act (chap. 466 of 1877), in which Poune, the reespondent, is recognized as a creditor in the sum of $658.72, the full amount claimed by him. January 1, 1885, upon the petition of Poune and accompanying affidavits, the assignors and assignee were ordered by the county judge of Onondaga county to appear before him and be examined ; and produce the books and papers of the assignors, pursuant to section 21 of the general assignment act.

The assignors and assignee moved to vacate this order upon an affidavit made by counsel, which states that : " Deponent is further informed, and verily believes, that the said application of said John H. Poune is made in the interest of said creditors so proceeding in hostility to said assignment, and not for the benefit of said assigned estate."

The only fact stated as a foundation for the belief is, that the petitioner's attorneys were the attorneys of twenty creditors of the assignors, who had commenced actions to put their claims in judgment, and deponent believed that said creditors intended to bring an action or actions to set aside the assignment. The county judge refused to vacate the order, and the assignors and assignee appeal.

It was not claimed before the county judge, nor was it claimed on this appeal, that the examination order is too broad, or that the subjects to be inquired into are not specified with sufficient definiteness.

*Louis Marshall*, for the appellants.

*Frank H. Hiscock*, for the respondent.

FOLLETT, J. :

The only ground urged for the reversal of this order is that if the petitioner's allegations are true, the evidence discovered would support an action to set aside the assignment as fraudulent. The petition states that, shortly before the assignment, the assignors conveyed to relatives, by deed and mortgage, a large amount of real estate for an inadequate consideration ; that the inventoried liabilities greatly exceed the inventoried assets ; and other state-

ments which, if true, lead to the belief that the inventory does not correctly set forth the assets and liabilities, though the petition does not specifically aver that certain specified assets are omitted, and that certain specified liabilities are fraudulent, in whole or in part.

By the examination authorized by the twenty-first section, the legislature intended to enable persons interested in the assigned estate to discover the assignor's assets applicable to the payment of his debts, so that they might be pursued and recovered by the assignee; and also to ascertain the actual liabilities of the assignor, to the end that the assets may be justly distributed among the real creditors, instead of upon fictitious or overstated claims. Subdivision 4 of section 20, and section 26 general assignment act (chap. 466 of 1877), provide for the determination of disputed claims. Overstated claims may be reduced (*Kavanagh* v. *Beckwith*, 44 Barb., 192), and fraudulent or illegal ones may be rejected. (*In re Oakley*, 1 A. Ins. R., 56; *In re Risley*, Id., 281; Bur. Ass. [3d ed.], § 428.)

Examinations are not limited by the act to transactions in connection with the assigned estate, occurring since the assignment. Under this order only the assignors and assignee are to be examined, and they insist that the examination must not proceed, lest they may disclose evidence which will enable other creditors to overthrow the assignment as fraudulent. Admitting, as all must, that it is the legal right of the creditors to discover by the examination (1) the assets, (2) the amount which each person is entitled to receive from the assignee; it is illogical to say that because the petitioner, in pursuing his rights, may develop fraudulent transactions on the part of the assignors and assignee sufficient to set aside the assignment at the suit of other creditors, that the examination must not be ordered, or if ordered, must be discontinued, and the assets left uncollected, or that the avails of those collected be distributed to persons not entitled to dividends. No court has so construed this section, and the cases cited by the appellant's counsel do not sustain the position.

*In re Burtnett* (8 Daly, 363), the examination was sought, not to discover assets, or to exclude fraudulent claimants from receiving a distributive share, but avowedly to discover and perpetuate evidence to be used in another court, in an action to be brought for the recovery of damages against a person who had fraudulently acquired

part of the assignor's property before the assignment. It was not held or said in that case that an examination cannot be ordered or proceeded with in case the evidence may, or probably will, disclose the assignment to have been fraudulent. It was said that "the examination allowed by the assignment act is to aid in the administration of the assignment."

In re Goldsmith (10 Daly, 112), the petition upon which the order was granted showed that the sole object of the examination was to discover evidence upon which to found an action to set aside the assignment as fraudulent. Upon this ground the order for the examination was vacated at Special and sustained at General Term, one judge dissenting.

In re Brown (10 Daly, 115), the petitioning creditor desired to establish that the unpreferred claim of another creditor mentioned in the assignment was usurious ; and also that the assignor had made false representations prior to the assignment, but in respect to what does not appear. An examination was refused, on the ground that until it should be held that one creditor may dispute the validity of an unpreferred creditor's claim on the ground of usury, an examination would not be ordered.

When the assignment directs the payment of a usurious debt, the assignee cannot refuse payment because of the usury (Chapin v. Thompson, 89 N. Y., 270), nor can a creditor prevent the payment of such a claim. (Pratt v. Adams, 7 Paige, 615.) Such persons are not within the class of persons authorized by the statute to avoid contracts for usury. For this reason the examination order in the case last cited was properly vacated.

In re Koonz (11 N. Y. W. Dig., 55), an order for the examination of the assignor was vacated and on appeal such action was sustained, because the petition failed to disclose any facts justifying the allegation that the petitioner believed that the rights of the creditors would be protected by an examination.

In re Swezey (62 How , 215 ; affirmed, 64 id., 353 ; S. C., 10 Daly, 107), an order was granted to discover whether the assignor owned a certain trade-mark, and it is not an authority for the appellants' position.

In re Bryce & Smith (56 How., 359), the petitioning creditor charged that the assignors had fraudulently concealed assets, and an

order was granted for their examination and the examination of other witnesses.

*In re Isidor* (59 How., 98), it was alleged in the petition simply that the assignee refused to permit the petitioning creditors to examine the books of account of the assignor, and an order was granted requiring the assignor and assignee to produce the books and submit to an examination, which was sustained at General Term.

When the petition shows that there is reasonable ground for apprehending that the assignor has fraudulently disposed of his assets, or that the assignor or assignee have fraudulently omitted assets from the inventory, or placed upon the schedules claims which are fraudulent in whole or in part, an examination may and should be ordered.

The order is not objected to because it does not state the subjects to be inquired into, or in anywise limit the scope of the examination, nor is it objected that the information upon which the petitioner founds his belief is not set forth in the petition.

The order refusing to vacate the order for the examination of the assignor and assignee is affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.