Order accordingly.

---

In the Matter of the Assignment of JACOB GOLDSMITH et al. to LEOPOLD WERTHEIMER for the Benefit of Creditors.

(Decided June 5th, 1882.)

An order for the examination, as witnesses, of the assignors and assignee in an assignment for the benefit of creditors, cannot be sustained by allegations of facts tending to show fraud by the assignors in conducting their business and in making the assignment; as such a proceeding is in hostility to, not in aid of the assignment.

APPEAL from an order of this court vacating an order for the examination of the assignors and assignee, and for the production of the books of the assignors, under a general assignment for the benefit of creditors.

The assignment was made by Jacob Goldsmith and Lewis Goldsmith, comprising the firm of J. Goldsmith & Co., to

Matter of Goldsmith.

Leopold Wertheimer, on November 1st, 1881. An order for the examination of the assignors and assignee and the production of the books of the assignors was obtained by E. R. Mudge, Sawyer & Co., creditors, upon a petition and affidavits showing that at various times from August 31st, 1881, to September 19th, 1881, both Jacob Goldsmith and Lewis Goldsmith had made representations to creditors that their firm was worth from $28,000 to $35,000 over all their liabilities, that they did not owe over $4,000, and did not owe any borrowed money to any person; but that their assignment and schedules showed preferences to creditors amounting to $40,806.58, of which about $33,000 was stated to be for money borrowed and notes discounted; that in addition to the preferred claims, the assignors owed $46,268.43 for merchandise, making the total amount of their liabilities $87,075.01; that the total actual value of their assets was stated in their schedules at $40,427.65; that there had been no extraordinary loss in their business, and that their sales for the year 1881 should show a large profit.

The order thus granted was subsequently vacated on the ground that the affidavits of the petitioners showed that the sole object of the examination was to discover evidence upon which to found an action to set aside the assignment as fraudulent. From the order vacating the order for the examination, the petitioners appealed.

*Jno. J. Adams*, for appellants.

*M. H. Regensburger*, for respondent.

BEACH, J.—This is an appeal from an order vacating an order for the production of books and the examination of the assignors and assignee before a referee. The examination was originally directed upon papers showing no reason therefor, except what might arise from facts tending to show fraud in conducting the business and making the assignment. It is plain, a proceeding founded upon such statements must be in hostility to the assignment. If upheld, a marked inconsistency would be apparent. The act is entitled " An Act in relation to assignments of the estates of debtors for the bene-

fit of creditors " (L. 1877, c. 466) and its purpose is to provide the manner of making assignments, and the method of accomplishing the distribution of the estate. Nothing could be more foreign to such an intention, than the authorization of proceedings, plainly hostile to the assignment, and intended to overturn the structure the legislature erected.

Every section of the act tends to aid the eventual distribution of the estate among the creditors, according to the provisions of the deed of trust. Section 21 has no different aim, and no construction should be given it, save consistent with the general object of the law. Except for its general wording, it might be held solely applicable to the proceedings on accounting and removal of assignees, set forth in the prior sections. It is impossible to discover from the text, what reasons should call upon the court to order the examination of witnesses and production of books, and those suggested by the purpose of the act, viz., in aid of the assignment, must be held the only ones warranting the proceeding. The creditors under proper restrictions should have opportunity to examine the assignors' books of account, as they are sources of information relative to the estate which is to be distributed.

The order should be affirmed so far as it vacates the order for an examination of the assignors and assignee, and reversed in that portion denying the examination of the books, without costs on this appeal.

CHARLES P. DALY, Ch. J., concurred.

J. F. DALY, J., dissented.

Order accordingly.