Truax, J.
The judgment debtor claims that he should, not be compelled to answer any questions which tend to show that his assignment is fraudulent and void, because the judgment creditor has filed with the assignee named in the assignment, proof of his claim against the judgment debtor. I think that the objection is untenable.
It nowhere appears that the creditor had knowledge, at the time he filed with the assignee his proof of claim, that the assignment was fraudulent and void, and therefore he is not estopped, by the mere fact that he filed a claim, from attacking the assignment.
The case of Rapalee v. Stewart (27 N. Y., 310), which was cited by the counsel for the judgment debtor, is not an authority for the proposition claimed. In that case the assignment was made with the consent of the creditor, and the court says: “That one cannot predicate a fraud on facts having his assent, upon a full knowledge of them. There can be no fraud when all the parties interested are equally informed of all the facts, and mutually assent to them.” And the court further held: “That the action of the creditor was not only a waiver of any right to attack the assignment for fraud, but was a ratification of it by-coming in and taking action by agreement with other creditors, designed to prevent a sacrifice of the assigned property by a disposal of it in the ordinary way, by the assignees, and by an agreement authorizing further delays and compromises, etc.” “It would be,” says the court, “a fraud upon all the other creditors to this agreement if the plaintiff should be permitted to maintain this action, and by setting aside the assignment gain a preference above them and secure the payment of his entire debt.”
Nor is the case In the Matter of the Assignment of Holbrook (99 N. Y., 539), an authority for the proposition advanced by the judgment debtor. In that case the party *83 moved, under section 21 of the assignment act, for an examination of the assignee, and he sought to obtain on this examination facts to warrant the setting aside of the assignment. This the court held he could not do; that the statute only authorized an examination under that section in aid of the assignment, and not to assail the assignment and avoid it. The objection is overruled.