Bradley, J.
The claimant Charles C. Potter presented to the county court of Wayne county, his petition praying that Oliver Durfee, the assignee for the benefit of the creditors of Leroy B. Howd, be directed to deliver to him on demand certain property in his possession as such assignee. The petition set forth the facts upon which the petitioner relied to support his title and right to the relief asked for. The assignee upon affidavits presented opposed the application. The court directed a reference to a referee of “the issues made by said petition and said affidavits * * * to hear and determine. ”
The hearing was had before the referee, who made his report, finding the fact that property in question belonged to the petitioner, and as conclusion of law, that he was entitled to judgment requiring the assignee to return it to him. Upon this report the petitioner entered judgment for such relief with costs, without any direction of the court. And on the motion of the assignee upon notice to *263 the petitioner, the judgment was vacated and set aside by the order of the court, from which this appeal is taken. The questions presented are:
1. Whether there is any power in the county court, on petition of a party claiming property of which the assignee has taken possession under the assignment, to determine the controversy between him and the assignee when the claim is contested by the latter; and, if so, 2, whether the judgment upon a report of the referee to whom the issues thus presented are referred to hear and determine, can be legally or regularly entered without any confirmation or direction of the court.
The power to take any proceeding in that manner depends upon the statute, which provides that any proceeding under the act shall be deemed for all purposes to be a proceeding had in the court as a court of general jurisdiction, and the court shall have full jurisdiction to do every act relating to the assigned estate, the assignees, assignors, and creditors, and jurisdiction shall be presumed in sup port of the orders and decree therein unless the contrary be shown. And the court may exercise the powers of a court of equity in reference to the trust, and any matters involved therein. Laws of 1877, chap. 466, § 25. That the court may order a trial by jury, or before a referee, of any disputed claim or matter arising under the provisions of the act Id., § 26, as amended by Laws of 1878, chap. 318, §7. And that all orders or decrees in proceedings under the act shall have the same force and effect, and may be entered, docketed and enforced the same as if made in an original action brought in the county court. The clerk of the court shall record the orders and decrees of the court, settling, rejecting, or adjusting claims, and ■directing the payment of money, and releasing assets by the assignee, in a book kept for that purpose. Id., § 22.
These are the only provisions of the statute to which it it will be necessary specifically to refer.
It is contended on the part of the petitioner, that in them is embraced the power in view of the practice given and recognized in actions, to accomplish all that was done in this case in his behalf. The act of 1877, and those amendatory of it, relate solely to the subject of assignments made for the benefit of the creditors of the assignors, and create a system relating to and for the execution of the "trusts arising out of such relation of assignees as such "trustees; which includes the adjustment of matters between the creditors claiming the benefit of the assignments. But the statute does not in its provisions and purposes contemplate any proceeding in hostility to an assignment and its execution. And so far as powers of the court are *264 given by this statute, they are in harmony with the existence of the trust, and in support of its execution. In re Assignment of Holbrook, 99 N. Y., 539; In re Witmer, 40 Hun, 64.
The contest in the matter at bar has relation to property which the assignee claims was embraced within the assignment, and that he took title to it as such. The proceeding, therefore, is founded upon an alleged claim adverse to that of the assignee, and in that respect, and so far as relates to such property, is in hostility to the execution of the trust.
We think no power is vested in the county court by the statute to determine the title to property in such a proceeding as that taken in this matter when it is contested by the assignee. The remedy sought by a claimant to obtain property in the possession of an assignee, and which the latter claims to have taken under the assignment, and refuses to deliver, is in the nature of that of an action of replevin, and the statute evidently was not made with any view to confer power upon the court by a summary proceeding like this, to divest the assignee of the property which he should claim to have taken by the assignment.
The provision of section 22, providing for entering orders and decrees of the court “ releasing assets by the assignee,” evidently contemplated cases where the assignee should himself be satisfied that release should be made, and be willing to make it, and that in such case, the court might have the power if satisfied that the relinquishment was proper, to authorize and approve it, and thus furnish by the record protection to the assignee. And while the manner adopted with the consent of an assignee, for investigation of such a claim made by a third person with a view to information, and to guide his way to a conclusion on the subject, is not important, the court could not in such a proceeding, against the objection of the assignee or without his consent, effectually direct the release or surrender of the property. The claimant must in such case seek his relief by action.
In this case the assignee has denied, and continues to contest and deny the claimant’s right to the property. The proceedings provided and permitted by the statute referred to, are special proceedings. And no judgment can be entered upon the report of a referee in cases of that character without the authority of some statute permitting it. The act in question does not provide for the entry of judgment upon a report of a referee.
And our attention is called to no general statute providing for the entry of judgment upon a referee’s report in a special proceeding.
*265 It is not within the provisions of section 1228 of the Code Civil Procedure. That section has relation to actions only, and to entry of judgments in actions; as it may be observed by reference to section 3343, subdivision 20, that the word “ judgment,” when used in the Code refers to a judgment in an action, while the word “order” when so used refers to an order in an action or special proceeding. And in fact there seems to be no general provision in the Code for entry of judgment in special proceedings.
The subject of entry generally in them is defined as an order.
The proceedings under the assignment act are of an equitable nature. The verdict of the jury, or the report of the referee is not there made the decision of the court on the matters submitted. They must be deemed ancillary to the direction of the court, and do not express its judgment, until approved and confirmed by its order, and no judicial force can be given to them without the direction of the court, and then in legal effect it comes from its determination.
It seems to follow that the judgment was entered without authority.
And the allowance of costs in special proceedings is. wholly in the discretion of the court, except when the right to them is expressly given by statute. Code Civil Pro., § 3240; Matter of Prot. E. Pub. School, 86 N. Y., 396.
The order should be affirmed.
Haight, J., concurs; Barker, J., not voting.