[No. 1511.   Decided December 17, 1894.]

THE COSH-MURRAY COMPANY, *Respondent, v.* GEORGE
BOTHELL ET AL., *Appellants.*

ASSIGNMENT FOR BENEFIT OF CREDITORS—LIABILITY OF ASSIGNOR
TO SUIT.

Under the insolvency law of 1890 (Gen. Stat., § 2745 *et seq.*), when an assignment for the benefit of creditors has been made by a debtor, a creditor cannot, during the pendency of the insolvency proceeding, maintain another form of action against the assigning debtor.

*Appeal from Superior Court, King County.*

*Winsor, Bush & Morris,* for appellants.

Under the act of March 6, 1890 (Gen. Stat., §§ 2741–2755), creditors are brought into the insolvency court by the proceedings therein, and once there, having submitted their claims to the assignee and submitted proofs to him, the law does not permit them to withdraw their claims and prosecute them at law. *Hamilton Brown Shoe Co. v. Adams,* 5 Wash. 333 ; *Sabin v. Adams,* 5 Wash. 768 ; *Mansfield v. First National Bank,* 5 Wash. 665 ; *Quinby v. Slipper,* 7 Wash. 475 ; *In re Cadwell's Bank,* 56 N. W. 673 ; *Traders' Bank v. Van Wagenen,* 2 Wash. 175 ; *Farwell v. Cohen,* 138 Ill. 216 ; *Farwell v. Crandall,* 120 Ill. 70 ; *Wilson v. Aaron,* 132 Ill. 238 ; *Lowe v. Matson,* 140 Ill. 108 ; *Hanchett v. Waterbury,* 115 Ill. 220 ; *Eddy, Petitioner,* 15 R. I. 474.

*Allen & Powell,* for respondents.

The opinion of the court was delivered by

STILES, J.—The appellants, George and John Bothell, were partners under the firm name of Bothell Bros., and found it

necessary to make an assignment of their property for the benefit of their creditors. The respondent presented its claim to the assignee, but the appellants protested against its allowance, in whole or in part. Whereupon the respondent withdrew its claim and brought suit, upon which it obtained a judgment.

One of the defenses to the action was the insolvency of the appellants' firm, which was pleaded as a bar to the action. We are of the opinion that under the insolvency law of 1890 this action could not be maintained while the insolvency proceeding was pending. Gen. Stat., § 2745, provides that the assignee shall give notice of the assignment by a publication in some newspaper in the county, and that he shall send notice by mail to each creditor of whom he shall be informed. The next section requires proof of the publication and of the sending of the notices. It seems to us that the effect of these proceedings, and of the provisions authorizing the discharge of the debtor, is to make each creditor a party to the proceeding. It is in the nature of an order to show cause why, upon payment of his proportion of the proceeds of the estate, not less than fifty per cent., his claim should not be finally satisfied ; and while such proceedings are pending it would be improper for any party to them to undertake, by some other form of action, to establish a perpetual liability for the whole debt against the assignors. Moreover, the institution of a separate action was unnecessary. Sec. 2747 provides a means by which any contested claim may be determined. The assignee receives claims and reports them to the court ; after which any person interested, which of course includes the assignee, may file his exceptions to any claim, and thereupon the matter of its correctness is to be determined by the court.

The construction here adopted is different from that followed in states where there are laws governing common law assignments. *Lawrence v. McVeagh*, 106 Ind. 210 (6 N. E. 327); *Limbocker v. Higinbotham*, 52 Kan. 696 (35 Pac. 783). In the latter case a distinction between assignment laws and insolvent laws is clearly stated.

The judgment is therefore reversed and the cause re-manded for dismissal.

DUNBAR, C. J., and HOYT, J., concur.