the lienor himself had charge of the work, and that he himself was responsible for the error. Some of the cases relied upon, therefore, where the mistake was made by subordinates upon whom the lienor relied, are not applicable. Here the lienor knew he had not furnished sand for 3,000,000 brick, for he made his estimate on 1,250,000 brick, and abandoned the contract when he found that sand for 3,000,000 brick was required. This is also true with respect to sand for plastering. Thus he had abandoned the contract, and no satisfactory explanation is given for the statement that all the work and materials had been supplied for which the claim is made. It is impossible to escape the conclusion reached by the learned trial judge that the claim as made was "grossly exaggerated, extremely inaccurate, and clearly false."

The judgment should be affirmed, with costs. All concur.

(62 App. Div. 604.)

## In re WORKINGMEN'S PUB. ASS'N.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS—EXAMINATION OF BOOKS AND ACCOUNTS—PARTIES INTERESTED—JUDGMENT—TORT.
  Under Assignment Act, § 21, providing that an order for examination of the books and accounts of a person making an assignment may be made on petition of an interested party, a judgment creditor, whose judgment was entered on a verdict rendered before the assignment was made, is a party interested, and is entitled as such to petition for an order for examination, notwithstanding his claim was founded on a tort.

Appeal from special term, New York county.

In the matter of the assignment for the benefit of creditors of the Workingmen's Publishing Association. From an order denying a motion to vacate an order for examination made on the petition of Kasryel H. Sarasohn, a judgment creditor of the Workingmen's Publishing Association, the assignor appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

B. Patterson, for appellant.
A. H. Sarasohn, for respondent.

PATTERSON, J. An order was made by a justice of the supreme court on the 30th of April, 1901, requiring the president and secretary of the Workingmen's Publishing Association, and the assignee for the benefit of creditors of that company, to appear before one of the justices of the court, to be examined pursuant to the order, and in reference to matters set forth in a petition upon which such order was based; and the persons to be examined were required to produce at the time and place of examination the books or accounts of the assignor, showing the amounts due to it for subscriptions, advertisements, and from other sources. The order was made upon the petition of one Kasryel H. Sarasohn, who set forth that he was a judgment creditor of the Workingmen's Publishing Association;

that that association had made an assignment for the benefit of creditors, and that certain schedules were filed; that, upon an examination of the schedules, the petitioner had ascertained that they disclosed debts to the amount of something over $13,000, and assets only to the amount of $16.99. The petitioner averred that the statement contained in the schedules was false and fraudulent, and that certain assets belonging to the assignor had not been included in such schedules. The examination was sought for the purpose of obtaining proof respecting the existence of such assets. The application for the examination was made under section 21 of the assignment act, which provides that such order may be made upon petition of any party interested. After the order was granted, the assignor made a motion to vacate the same, principally on the ground that the petitioner was not a creditor of the assignor, within the meaning of the assignment act, and was not entitled to share in the distribution of the assets of the assignor. The motion to vacate was denied, and from the order entered thereupon this appeal is taken.

It is urged that the petitioner, Sarasohn, was not a person interested in the assigned estate, because his claim was founded upon a tort, namely, a claim for damages for a libel published by the assignor. The assignment was made on the 6th of March, 1901. On the 12th of March, 1901, a judgment in favor of the plaintiff in an action to recover damages for a libel was duly entered in the supreme court upon the verdict of a jury on the trial of such action rendered on the 5th of March, 1901, the day before the assignment was made. The petitioner was by the verdict of the jury declared to be entitled to recover a certain sum of money against the defendant. In the assignment for the benefit of creditors of the Workingmen's Publishing Association, the assignee is directed to apply the assets to the payment of "all the debts and liabilities now due or to grow due from" the assignor. The argument made by the appellant is that the petitioner was not a party interested in the assignment, because a judgment in tort does not constitute a debt. It is immaterial whether it does or does not. The verdict created a liability for a definite sum, ascertained upon a judicial inquiry and upon a controverted right. Upon that verdict, the plaintiff was entitled to immediate judgment, and, had he died before that judgment was entered, his right thereto would not have been in any wise affected. His cause of action would not have abated (sections 763, 764, Code Civ. Proc.), nor would his verdict have been imperiled. A fixed liability second in degree only to an actual judgment existed, and the petitioner was entitled to the recognition by the assignee of his right under the very words of the assignment as above quoted. It is not to be inferred from the petition and the papers in support of the order that the attitude taken by the petitioner is in hostility to the assignment, and as a consequence an examination should not be ordered. By taking this proceeding the petitioner binds himself to the assignment (In re Holbrook, 99 N. Y. 546, 2 N. E. 887), and the examination is thus in aid of the assignment, and may be made the basis of efforts to bring assets into the

possession of the assignee which are withheld from him either with or without his connivance.

The order denying the motion to vacate was properly made, and should be affirmed, with $10 costs and disbursements. All concur.