appeared by attorney, and also a release from alimony executed to him by the plaintiff. The motion to vacate was specifically made upon two grounds: First, that the defendant had never been a resident of this state; second, that the parties had been divorced in another state before the commencement of this action.

From the order granting defendant's motion to set aside the order of publication the plaintiff now appeals. It seems clear that this order was erroneous, and should not have been made. It is well settled that jurisdictional questions must be disposed of in an orderly way and after a proper trial. All the issues cannot be decided, and the plaintiff's rights determined merely upon affidavits.

The complaint sets forth a good cause of action. It may well be that, when the time comes to submit the proofs, plaintiff may find that she was mistaken as to her rights, and that she will be unable to establish by proof the allegations of her complaint; but that confers no power upon the court to try out the issues upon affidavits, and to deny her the right to examine and cross-examine witnesses.

When a complaint upon its face shows facts which demonstrate that the court has no jurisdiction of the subject-matter of the action or of the parties, then the proper practice is to demur. If, on the other hand, the facts which deprive the court of jurisdiction, either of the subject-matter or of the parties, do not appear upon the face of the pleadings, then the only remedy is by answer. Atlantic & Pacific Telegraph Co. v. Baltimore & Ohio R. R. Co., 87 N. Y. 355; Johnson v. Adams Tobacco Co., 14 Hun, 89; Manning, Maxwell & Moore v. Canadian Locomotive Co., 120 App. Div. 735, 105 N. Y. Supp. 662.

The order of publication having been properly granted, the order now appealed from must be reversed, with $10 costs and disbursements to appellant, and the motion to set aside the order of publication and also to set aside the service of the summons and complaint made thereunder denied, with $10 costs. All concur.

---

### In re RUTACED CO.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 194*) — EFFECT — PURSUIT OF OTHER REMEDIES.

   A general assignment for the benefit of creditors neither stays nor suspends the remedies of creditors of the assignor, including the right to examine the assignor in proceedings supplementary to execution; it not appearing that the creditors have done any act amounting to waiver of their ordinary rights.

   [Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 602; Dec. Dig. § 194.*]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 194*)—EFFECT—OTHER REMEDIES—EXAMINATION OF DEBTOR.

   Debtor and Creditor Law, § 22 (Consol. Laws, c. 12), relating to general assignments, and authorizing an examination of the assignor, provides for such examination only in aid and furtherance of the assignment, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

does not take away the other rights of judgment creditors of the assignor to examine him in proceedings supplementary to execution.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 602; Dec. Dig. § 194.*]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§§ 194, 344*)—VALIDITY—FRAUD —DISREGARD—SETTING ASIDE.

An assignment for creditors is wholly voluntary; and, while the law permits it as a means of distributing property of the insolvent among his creditors, provided it is made in good faith and in conformity with the statute, if otherwise made, the creditors may disregard it and pursue their legal remedies against the property assigned, or may sue in equity to set it aside.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 602; Dec. Dig. §§ 194, 344.*]

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 297*)—SUPPLEMENTARY PRO-CEEDINGS—JOINDER IN ASSIGNMENT PROCEEDINGS.

Judgment creditors of an assignor for the benefit of creditors may proceed, notwithstanding the assignment, to discover property of the assignor by examination in proceedings supplementary to execution, and if such remedy proves fruitless, and the assignment is not set aside, the creditor may then join in the assignment proceeding and participate in the distribution of the assigned estate.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. § 873; Dec. Dig. § 297.*]

Appeal from Special Term, New York County.

In the matter of the general assignment of the Rutaced Company. From an order enjoining Maurice Salomon and Samuel Salomon, judgment creditors of the assignor, from prosecuting proceedings supplementary to execution, they appeal. Reversed, and motion denied.

Argued berore INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Sol. J. Freudenheim, for appellants.

Saul S. Myers, for respondent.

LAUGHLIN, J. On the 4th day of June, 1909, the Rutaced Company made a general assignment for the benefit of its creditors to one Wolf after the appellants recovered the judgment against it in the City Court on which their proceedings supplementary to execution have been stayed by the order now under review. The order for the examination of the assignor in proceedings supplementary to execution was served on the 24th day of September, 1909. It thereupon applied to the Special Term setting forth merely the general assignment; that schedules had been duly filed and claims advertised for; that the assignee had duly qualified, and the order and the affidavit upon which it was granted. No other basis was shown for the order from which the appeal is taken.

A general assignment neither stays nor suspends the remedies of creditors of the assignor. It does not appear that the appellants have waived their right to the remedy afforded by the statute to examine the judgment debtor in proceedings supplementary to execution. Counsel for the respondent contends, in support of the order, that the only right which the appellants now have to examine the assignor is under

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

section 22 of the Debtor and Creditor Law (chapter 12, Consol. Laws). The provisions of that section were taken from section 21 of chapter 466 of the Laws of 1877, known as the "general assignment act," and it was well settled that. the examination thereby authorized was only in aid and furtherance of the assignment, and that while, as an incident to such examination duly authorized to ascertain the property subject to distribution and the creditors to whom distribution should be made, evidence might be adduced tending to show that the assignment was made in fraud of the rights of creditors, still the examination could not be had for that purpose. Matter of Holbrook, 99 N. Y. 539, 546, 2 N. E. 887; Matter of Sickle, 52 Hun, 527, 5 N. Y. Supp. 703; Matter of Workingmen's Pub. Ass'n, 62 App. Div. 604, 71 N. .Y. Supp. 248; Matter of Goldsmith, 10 Daly, 112; Matter of Wilkinson,.36 Hun, 134. And if a creditor came in and participated in the assignment proceedings and pursued any remedy thereunder, he waived or ran a serious risk of waiving any right to attack the assignment for fraud. Matter of Holbrook, supra; Mills et al. v. Parkhurst, 126 N. Y. 89–93, 26 N. E. 1041, 13 L. R. A. 472.

The same rules of construction still obtain. The assignment is wholly voluntary. The law permits it as a means for a distribution of the property of an insolvent debtor among his creditors, and, if the assignment be made in conformity with the statute and without fraud on the part of the assignor, it will be sustained; but, if it be made by the assignor in fraud of the rights of creditors or in violation of the statute, then a creditor may, in disregard of the assignment, pursue his legal remedies against the property thus assigned, or may bring a suit in equity to set the assignment aside. Mills et al. v. Parkhurst, supra; Austin v. Bell, 20 Johns. 442, 11· Am. Dec. 297; McConnell v. Sherwood, 84 N. Y. 522, 38 Am. Rep. 537; Clark v. Taylor, 22 Wkly. Dig. 295; Ocean National Bank v. Olcott, 46 N. Y. 12; In re Assignment of Samuel Kapelovich et al., 22 Wkly. Dig. 13; Bishop on Insolvent Debtors, §§ 223, 203, 204, 206. The appellants were therefore at liberty, notwithstanding the assignment, to discover, by examination on the proceedings supplementary to execution, any property of the judgment debtor, and the circumstances under which he had transferred his property, including the general assignment thereof. Matter of Sickle, supra; Seligman v. Wallach, 16 Abb. N. C. 317; Schneider v. Altman, 16 Abb. N. C. 312; In re Rindskopf, 16 Abb. N. C. 316, note. See, also, Lathrop v. Clapp, 40 N. Y. 328, 100 Am. Dec. 493. And if the remedies specially available to him as a judgment creditor proved fruitless, and the assignment be not set aside, he may ultimately come into the assignment proceeding and participate with other creditors in the distribution of the assigned estate. Mills et al. v. Parkhurst, supra.

It follows that the order should be. reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.