[No. 17028.   Department Two.   March 9, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Louis C. Smith, Plaintiff,* v. M. L. CLIFFORD, *Judge of the Superior Court for Pierce County, Respondent.*[1]

ASSIGNMENT FOR CREDITORS (14, 28)—PENDING ACTIONS—RIGHTS AND REMEDIES OF CREDITORS. Under an assignment for the benefit of creditors, the court assumes complete jurisdiction and the creditors should seek their remedy in that proceeding and not through independent supplementary proceedings in pending actions.

Certiorari to review the action of the superior court for Pierce county, Clifford, J., in continuing proceedings supplementary to execution, after an assignment by the judgment debtor for the benefit of creditors Writ of prohibition granted.

[1]Reported in 204 Pac. 807.

*Henry Clay Agnew,* for relator.

*Wesley Lloyd,* for respondent.

HOVEY, J.—An application was filed in this court for a writ to review the action of the respondent in continuing proceedings supplementary to execution upon a judgment after the judgment debtor had made an assignment for the benefit of creditors. Upon the hearing it was stipulated by counsel that final disposition should be made of the matter upon the record presented.

It appears from the petition of the relator that he is a married man living with his wife in the city of Seattle, and is by occupation a stage driver working for wages. It is alleged that, as a result of injuries sustained in an automobile accident in which a stage driven by the relator was involved, a considerable number of persons have obtained judgments in the courts of this state against the relator, and there is one additional suit pending, the aggregate sums involved being over $47,000. It is alleged that affiant has no property or income beyond the exemptions allowed him by statute, but that, notwithstanding this, various of the judgment creditors have been and are harrassing the relator by proceedings supplementary to execution. Among the judgments so obtained is that of Sherwood Scott and wife in the sum of $5,800, the same having been obtained in the superior court of Pierce county; and upon this judgment proceedings supplementary to execution have been instituted and the respondent judge has granted a hearing thereon, one examination has been held and the proceedings have been continued for further examination. It is alleged that the relator, with his wife, on December 13, 1921, executed a general assignment for the benefit of all his creditors and the creditors of the

community of all the property belonging to himself
and the community, and the same was filed with the
clerk of the superior court of King county and with the
auditor of said county on said date. In the deed of
assignment, O. C. Elliott is named as assignee, and the
latter has accepted the assignment and is proceeding
with his duties under the same. Notice to the cred-
itors has been given, and Scott and wife were listed
in the deed of assignment and notified, but have failed
to appear or make any objections to the proceeding.
It is next alleged that a showing was made before the
respondent judge of the facts aforesaid and a motion
made to quash the proceedings supplementary to ex-
ecution.

It is contended on behalf of the respondent that the
making of a general assignment under our law does
not prevent the creditor from pursuing his other
remedies, and that while he cannot get a preference
thereby and any property so discovered would go to
the benefit of all the creditors, yet all the remedies
may co-exist.

Respondent cites in support of his contention *In re
Rutaced Co.,* 137 App. Div. 716, 122 N. Y. Supp. 454.
From this case it appears that, in the state of New
York, both remedies are open to the creditor.

The effect of an assignment under our statute is
defined in *Hamilton Brown Shoe Co. v. Adams,* 5
Wash. 333, 32 Pac. 92, as follows:

"An investigation of our particular statute con-
vinces us that the assignee does not derive all his
power from the assignment, and that it is not the
exclusive guide and measure of his duty. It is true
that he obtains primarily his authority to act from
the deed of assignment. But the deed of assignment
simply inaugurates the proceedings, *and when the
court obtains jurisdiction of the proceedings it obtains*

*complete jurisdiction.* Authority and control over the property are conferred by law upon the court. The insolvent yields to the jurisdiction of the court when he files his deed of assignment. From this time until the final settlement of the estate the court makes orders concerning the control and distribution of the property which are judicial in their nature.'' (Italics ours.)

Following this case, in *Mansfield v. First National Bank,* 5 Wash. 665, 32 Pac. 789, 999, it was held that the assignee under a deed of assignment can attack a chattel mortgage previously made; and in *Cosh-Murray Co. v. Bothell,* 10 Wash. 314, 38 Pac. 1118, it was held that a creditor could not, during the pendency of the insolvency proceedings, maintain another form of action. In *Jensen-King-Byrd Co. v. Williams,* 35 Wash. 161, 76 Pac. 934, it was held that proceedings supplementary to execution could not be brought after the discharge of the debtor under an assignment for the benefit of creditors.

As pointed out in *Cosh-Murray Co. v. Bothell, supra,* the construction adopted is different from that followed in states having laws governing common-law assignments.

From the foregoing we are satisfied that, under our assignment statute, the court assumes complete jurisdiction of the affairs of the debtor and that the creditor should seek his remedy in that proceeding while it is pending. It is true that in *Fidelity National Bank v. Adams,* 38 Wash. 75, 80 Pac. 284, we sustained an action to set aside a fraudulent conveyance after an assignment had been made, but in that case the assignment was completely closed and it was charged that the entire proceeding was fraudulent and thereby sought to be set aside and it was too late for the

creditor to secure his remedy in the assignment proceedings.

It is ordered that a writ of prohibition issue restraining the respondent from proceeding further in the matter under review.

PARKER, C. J., MITCHELL, HOLCOMB, and MACKINTOSH, JJ., concur.