[No. 18580.   Department Two.   May 12, 1924.]

THE STATE OF WASHINGTON, *on the Relation of the Poultry Fertilizer Company, Plaintiff*, v. OTIS W. BRINKER, *Judge of the Superior Court for King County, Respondent*.[1]

ASSIGNMENTS FOR BENEFIT OF CREDITORS (14, 28)—PENDING ACTIONS—JURISDICTION—RIGHTS AND REMEDIES OF CREDITORS. An assignment for the benefit of creditors does not avoid a prior attachment lien through proceedings in a court of general jurisdiction, in view of Rem. Comp. Stat., § 1098, limiting the powers of the assignee to dispose of the estate to such "as the debtor had at the time of the assignment."

Application filed in the supreme court March 25, 1924, for a writ of mandamus to compel the superior court for King county, Brinker, J., to enter a judgment on execution. Granted.

*E. P. Whiting*, for plaintiff.
*C. C. Curtis*, for respondent.

MITCHELL, J.—The Poultry Fertilizer Company, a corporation, instituted an action in the superior court for King county on October 15, 1923, to recover judgment on an account against G. Nakazawa and I. Yoshimine, partners. The case was tried without a jury, and on March 24, 1924, findings were made and entered to the effect that the plaintiff had sold and delivered to the defendants fertilizer at the agreed price of $842.92, on which only $140 had been paid; that, on commencing the action, a writ of attachment was issued out of the superior court, pursuant to which the sheriff on the same day, October 15, 1923, attached a certain two-ton White truck as property of the defendants, and

[1]Reported in 225 Pac. 823.

at all times since has had the same in his possession;
that, on November 24, 1923, the defendants, indi-
vidually and as partners, executed a deed of assign-
ment for the benefit of all their creditors, and filed the
same with each the clerk of the superior court and the
county auditor on December 6, 1923; that the assignee
named in the deed accepted, qualified and was acting
as such, and that proceedings therein were pending in
the superior court; and that the defendants were in-
debted to the plaintiff in the sum of $702.92, with in-
terest.   The trial court concluded, however, that the
plaintiff should further pursue his remedy only in the
department having charge of the insolvency proceed-
ings, and entered an order to that effect, refusing to
enter a judgment in the case.   The present action,
original in this court, was then instituted to compel the
Honorable Otis W. Brinker, judge of the superior
court who heard the case, to put the same in judgment.

The principal contention between counsel is with
reference to whether or not the Federal bankruptcy
act has superseded the state law of assignments for
the benefit of creditors, it being claimed by the relator
that such is the case notwithstanding former expres-
sions of this court to the contrary, and that the assign-
ment here involved is a nullity and cannot interfere
with his rights to a judgment and the application of
the proceeds from a sale of the property attached to
the satisfaction of his judgment.

In our view, the matter of the principal argument is
not important or necessary to a proper decision of the
case.   If it be assumed, contrary to the argument on
behalf of the relator, that the assignment was valid,
the question arises, did it have the effect of avoiding
the prior attachment lien?   In our opinion, it did not.
Prior to the assignment, the superior court, a court of

general jurisdiction, had jurisdiction of the defendants by their answer filed in the case, and also jurisdiction over the truck, the property of the defendants, by the levy of the writ of attachment, and there is no provision of our statutes by which the defendants, by their deed of assignment for the benefit of creditors, could hamper or deprive the court of that jurisdiction.

Section 1098, Rem. Comp. Stat. [P. C. § 2866], provides:

"Any assignee as aforesaid shall have as full power and authority to dispose of all estate, real and personal, assigned, as the debtor had at the time of the assignment, . . ."

He is given no greater rights or powers by the deed of assignment, and although we said in *Hamilton Brown Shoe Co. v. Adams,* 5 Wash. 333, 32 Pac. 92, that the "deed of assignment simply inaugurates the proceedings, and when the court obtains jurisdiction of the proceedings it obtains complete jurisdiction," that is far different from saying that such jurisdiction cancels and avoids the jurisdiction of another judge or department of the same court over parties and property obtained and exercised since a time prior to the date of the deed of assignment, for the purpose of judgment and disposal of the property in the first action. The *Hamilton Brown Shoe Co.,* case, *supra,* was one wherein a creditor, by an original independent action, commenced after a deed of assignment, attached and unsuccessfully attempted to hold property in the hands of the assignee by virtue of the deed of assignment.

A number of states, such as California and Connecticut, had or have statutes which provide that the commencement of proceedings in, or the adjudication of, insolvency shall dissolve all attachments and levies

made within a given time next preceding such action. *Vermont Marble Co. v. Superior Court,* 99 Cal. 579, 34 Pac. 326; *Miner v. Goodyear India Rubber Glove Mfg. Co.,* 62 Conn. 410, 26 Atl. 643; 32 C. J., p. 854, § 115. There is no such statute in this state. Formerly there was such a statute, but it was repealed by the act of March 10, 1893. *Bierer v. Blurock,* 9 Wash. 63, 36 Pac. 975.

The cases relied on by the respondent are not applicable. *Cosh-Murray Co. v. Bothell,* 10 Wash. 314, 38 Pac. 1118, was a case in which an independent original suit was commenced after the assignee had qualified in insolvency proceedings; in *Jensen-King-Byrd Co. v. Williams,* 35 Wash. 161, 76 Pac. 934, it was held that proceedings supplementary to execution could not be had after the discharge of the debtor under an assignment for the benefit of creditors; and in *State ex rel. Smith v. Clifford,* 119 Wash. 56, 204 Pac. 807, it was held that, under such an assignment, the court assumes jurisdiction as against proceedings supplementary to execution upon a judgment obtained prior to the execution of the deed of assignment. In none of the three cases was there involved the question of the power and duty of the court to put in judgment and continue its jurisdiction over property as against a deed of assignment subsequently executed.

The court, through the respondent as one of its judges, has tried the case and has in its jurisdiction property taken possession of prior to the date of the deed of assignment, and should declare the rights of the parties to the extent of that jurisdiction, by a final judgment.

The writ applied for will be granted, directing the respondent to enter a judgment in the case.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.