firmly fixed, to those of our court of last resort, especially when they have once been fully stated and submitted to that tribunal for consideration.

Therefore, while my personal opinion is unchanged, namely, that the service here in question is bad, and ought to be set aside, I vote to uphold it, and to affirm the order appealed from, upon the direct authority of the Pope Case, not weakened or modified by the Grant Case, supra.

---

In re UNITED STATES RESTAURANT & REALTY CO.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 221*)—ADVISING ASSIGNEE—REFERENCE IN REGARD TO CLAIM.

Whether or not the Supreme Court has the jurisdiction to advise and assist an assignee for the benefit of creditors relative to the claim of persons who are proceeding to retake, for the purpose of immediate resale, articles they had sold the assignor by contract providing that the title should remain in them till they were paid for, yet a reference as to the rights in such articles should not be made on an application for such advice; such persons being financially responsible, and an adjudication on such a reference not being binding on anybody, so that the reference would be futile and result in nothing but expense.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Dec. Dig. § 221.*]

Appeal from Special Term, New York County.

In the matter of the assignment of the United States Restaurant & Realty Company to Anton N. Meyer as assignee for the benefit of creditors. From an order of reference, granted on the court's own motion, on the petition of the assignee, praying for the advice of the court, Stern Bros. appeal. Reversed, and proceedings dismissed.

See, also, 123 N. Y. Supp. 914.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Herbert R. Limburg, for appellants.
Frederick R. Ryan, for assignee.

MILLER, J. The assignor had conducted a restaurant business on leased premises. The appellants had fitted up, decorated, furnished, and equipped the premises under contracts which provided that the title to all articles furnished should remain in them until the total contract price was paid. At the time of the assignment there was due the appellants on said contracts the sum of $354,555.56. Soon after the assignment, and on the 30th of April, 1910, the landlord served notice of eviction on the assignee, but thereafter allowed the assignee to remain temporarily on the premises for the purpose of disposing of the property of the assigned estate; and, shortly before filing the petition herein, the assignee was notified that he must make preparations to remove from the premises, as a new lease was about to be made. When the petition was filed, the appellants were about to re-

take the personal property covered by the conditional sales agreements, and had prepared a formal notice to be served, pursuant to the statute. They had also obtained the landlord's consent to conduct a sale on the premises, which was concededly the only way the property could be disposed of to advantage, as it would involve great expense and loss to remove and store it. A question had arisen between the appellants and the landlord as to whether certain articles had been annexed to the building, so as to become part of the realty. That question was by agreement referred to, and decided by, an arbitrator. The petition states that the assignee is desirous of being relieved of the care and expense of handling the property, but that, in view of the amount and value of it, he is unwilling to take the responsibility of returning it to the appellants without the consent and direction of the court. He therefore applied, upon notice to all parties interested. The appellants appeared and filed an affidavit, stating that they were about to retake possession pursuant to the statute. The court referred the matter to a referee to take proof and report the same with his opinion to the court upon the following questions:

"(1) What part of the indebtedness of the United States Restaurant & Realty Company to Stern Bros., under the contracts annexed to the moving papers, was incurred for improvements to the premises formerly occupied by the United States Restaurant & Realty Company, which said improvements could not be removed without material injury to the real estate to which they have been attached; and what part, if any, was incurred for items not properly included in conditional bills of sale, as, for example, moneys advanced and labor, as such, not in connection with merchandise sold and delivered?

"(2) The rights of Stern Bros., and the various parties to this proceeding to the property in question, assuming for the purpose of this reference the validity and regularity of the mortgage of the Standard Trust Company of New York, the various judgments of record, and mechanics' liens filed against the premises formerly occupied by the United States Restaurant & Realty Company."

It is contended by the appellants that the court had no power to make the order, and that, in any event, it was unnecessary and could have no binding force. While conceding that there is no express provision of the statute authorizing the court to render advice with respect to the matter in question (section 24 of the debtor and creditor law [Consol. Laws, c. 12] obviously applies to claims belonging to the assigned estate), the respondent contends that, by virtue of section 25 of the debtor and creditor act, the Supreme Court has the jurisdiction as a court of equity to advise and assist an assignee, under a general assignment for the benefit of creditors, in the administration of his trust, and that, because the matter presented was one of great difficulty, that jurisdiction was properly exercised.

We are not disposed to decide this appeal on the question of power. On the face of it, the order appealed from would result in a long and expensive reference, and defeat the purpose of the application, if the appellants halted their proceeding to retake the property until the termination of the reference, which they were not bound to do, and which, we are informed by the briefs, they have not done. Moreover, this reference cannot result in an adjudication binding upon anybody interested in the determination of the questions referred. The appel-

lants and the landlord are interested in the first question; but they have already settled that by referring it to an arbitrator, who has made his decision. The rights of mortgagees, judgment creditors, and mechanics lienors cannot be adjudicated in this proceeding. The respondent desired the court to advise him whether he should consent that the appellants retake the property; but the appellants have not asked for such consent. If the respondent had resisted the taking of the property by the appellants, they would doubtless have found a speedy way of removing that difficulty, so far, at least, as to accomplish the avowed purpose of this application, namely, the disposal of the property by a sale on the premises, so as to obviate the expense of removal and storage.

We are unable to perceive how this reference can result in anything but the depletion of the assigned estate. The financial responsibility of the appellants is not questioned. If there are conflicting claims to the property, they should be determined in a proceeding which can terminate in a binding adjudication. In any view of the case, this reference would be futile, and should not have been ordered.

The order should be reversed, and the proceeding dismissed, with $10 costs and disbursements to the appellant. All concur.