that the claims established against it, and the balance paid to the trustee in bankruptcy of the mortgagor.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 568.*]

Foreclosure proceedings by Berent C. Gerken against Emanuel Sonnabend and others, in which surplus moneys proceedings were instituted, and a motion made for the confirmation of a report of the referee. Report modified, and confirmed.

Sternberg, Jacobson & Pollock, for claimant Bertha Sonnabend, and the motion.

Edward R. Koch, for claimant Henry H. Dreyer, and the motion.

Mason Trowbridge (Henry Fluegelman, of counsel), for claimant Raymond Guernsey, opposed.

GIEGERICH, J.  [1] It is true that under the provisions of the real property law (Consol. Laws 1909, c. 50), relating to the recording of instruments, the deed to the claimant Dreyer is to be regarded only as a mortgage, and that by recording it as a deed and without at the same time recording the defeasance agreement he accomplished nothing.  Real Property Law, § 320.  This, however, is not a sufficient reason for holding that, by failing to record both papers as a mortgage and to pay the mortgage recording tax, the grantee brought himself within the provisions of section 258 of the tax law (Consol. Laws 1909, c. 60), forbidding the enforcement of any mortgage upon which the tax has not been paid.  The definitions included in section 250 of the tax law do not cover such a case, and as the law is one relating solely to taxation its provisions must be strictly construed.

[2] The referee's report is therefore confirmed, except in respect to the disposition of the expenses of the reference.  Such expenses should first be paid from the fund, after which the claims of Henry H. Dreyer and Bertha Sonnabend, respectively, should be paid, and the balance of the moneys should then be turned over to the trustee in bankruptcy.

Motion disposed of as indicated.  Settle order on notice.

---

### In re UNITED STATES RESTAURANT & REALTY CO.

(Supreme Court, Appellate Division, First Department.  July 7, 1911.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 227*) — DISCOVERY OF ASSETS — RIGHT TO EXAMINATION OF PARTIES..

Under Debtor and Creditor Law (Laws 1909, c. 17 [Consol. Laws 1909, c. 12]) § 22, providing that the court, on petition of a party interested in an assignment for the benefit of creditors, may order an examination of any party or witness before the court or a referee, an assignee whose petition complies with the requirements of the section and shows that substantially all of the assignor's assets have been claimed and sold under a title adverse to his own title, resulting in leaving but little to meet the claims of other creditors, shows that the examination sought is in aid of the assignment and the matters connected therewith, and that he is entitled to an examination of the creditor by whom the assets were claimed and sold; but an order for an examination before a referee,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

which would entail unnecessary expense, should be modified by directing that it be had before a judge, as provided by the section.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Dec. Dig. § 227.*]

Appeal from Special Term, New York County.

In the matter of the assignment of the United States Restaurant & Realty Company to Anton H. Meyer, as assignee, for the benefit of creditors. Petition by the assignee under the debtor and creditor law for an order for the examination of a member of the firm of Stern Brothers, and of two employés of the firm. From an order granting a motion to vacate an order for the examination of witnesses, the assignee appeals. Order appealed from reversed, and original order for examination modified.

See, also, 140 App. Div. 486, 125 N. Y. Supp. 408.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Wm. F. McCombs (F. R. Ryan, of counsel), for appellant.
Morris J. Hirsch, for respondents.

DOWLING, J.    Anton H. Meyer, assignee of the United States Restaurant & Realty Company, a domestic corporation, presented his petition to the Supreme Court, wherein he set forth, among other things, that his assignor had entered into an agreement in writing with the firm of Stern Bros. for the placing of orders, amounting to approximately $200,000, for goods to be used in the equipment of a restaurant and café at Nos. 1457–1463 Broadway in the city of New York; that three certain contracts had been executed by the assignor with Stern Bros., which the latter claimed were conditional bills of sale; that the aggregate of these three contracts and of a fourth not signed by the assignor was $522,125.22, on account whereof the assignor was paid $203,000; that Stern Bros. claimed there was a balance due them of $336,740.87; that the books of the assignor disclosed the issuance of its promissory notes to Stern Bros. in the aggregate of $354,555.56; that the assignee has been unable to reconcile the discrepancies in the accounts; that goods amounting in value to $237,600 are apparently unaccounted for, and the explanation must be found in disbursements for painting, decorating, heating, lighting, plumbing, and similar purposes, as well as other charges of which the assignee has no knowledge and has been able to find no records. It further appeared that, besides the goods sold directly by Stern Bros. to the assignor, the firm was to purchase articles of equipment and decoration from others for the assignor, and was to sell such goods to the assignor for their purchase price plus a commission of 10 per cent., and a large part of the sums in question represent such sales. Stern Bros. took possession of the goods involved under their claim that they were covered by conditional bills of sale and sold the same; they having already given the assignee notice of their intention so to do when the said petition was filed. The assignee petitioned for an order

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the examination of a member of the firm of Stern Bros. and two certain employés of the firm, familiar with the facts, that he might inquire into all the facts within their knowledge relating to the contracts and transactions between the assignor and the firm and set forth in detail the subjects to be inquired into, as well as the books, papers, and writings to be produced, all of which were relevant to the main object of the examination. An order was duly made for such examination, and the present appeal is taken from an order vacating the original order of examination.

We believe the order appealed from should not have been made and must be reversed. The original petition was presented under section 22, debtor and creditor law (chapter 17, Laws 1909), and complies with the requirements thereof. It must appear that the examination sought is in aid of the assignment and the matters connected therewith (Matter of Holbrook, 99 N. Y. 539, 2 N. E. 887), and that is sufficiently demonstrated in this case by the fact that substantially all the assets of the assignor have been claimed and sold under a title adverse to that of the assignor, the result of which has been to leave but little in the hands of the assignee to meet the claims of the creditors other than the firm in question. It may well be that the firm has acted in perfect good faith and strictly within its rights; but the assignee is not only entitled, but bound, to satisfy himself thereof by an examination of the proper parties under oath, and to exhaust every proper means of eliciting the facts which justify the passing into the hands of a creditor of what otherwise would be property of the estate. Nor is the disposition made of a prior appeal herein (140 App. Div. 486, 125 N. Y. Supp. 408) of any force as an answer to the present petition, for the order then under consideration was one made by the court, upon its own motion, referring certain questions to a referee upon an application by the assignee for instructions as to the course to be followed by him in view of the demand of Stern Bros. that the goods in question be delivered to them. This court found that there was no warrant of law for such a proceeding, which would involve the assigned estate in expense without resulting in any binding adjudication. The present application is directly within the provisions of section 22 above referred to.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the application to vacate the original order of examination denied, with $10 costs, both payable to the assignee by the respondents herein. The original order for examination should, however, be modified as consented to by the attorney for the assignee by striking therefrom the direction that the examination be had before a referee, which would entail unnecessary expense upon the parties, and inserting in place thereof the direction that it be had before a judge as provided in said section 22. All concur.