[No. 4983. Decided May 23, 1904.]

JENSEN-KING-BYRD COMPANY, *Respondent,* v. C. H. WILLIAMS, *Appellant.*[1]

INSOLVENCY—FEDERAL BANKRUPTCY ACT—STATE LAWS NOT SUSPENDED. The federal bankruptcy law, approved July 1, 1898, did not supersede or suspend the state insolvency law, in existence at that time, where no proceedings in bankruptcy were instituted.

ASSIGNMENT FOR CREDITORS—JUDGMENT OUTSIDE INSOLVENCY PROCEEDINGS—ENFORCEMENT—SUPPLEMENTAL PROCEEDINGS. An assignment for the benefit of creditors, not objected to, discharges the debtor, and may be set up to defeat supplemental proceedings upon a judgment obtained by a creditor pending the insolvency proceedings.

SAME—STATUTES—TITLE. Section 15 of the insolvency act [Laws 1890, p. 88] entitled "An act to secure creditors a just

[1]Reported in 76 Pac. 934.

11-35 WASH.

division of the estate of debtors who conveyed to assignee for the benefit of creditors," is not unconstitutional as embracing more than one subject: since it embraces but one subject, which is sufficiently expressed in the title.

Appeal from an order of the superior court for Spokane county, Richardson, J., entered September 4, 1903, upon overruling a motion to quash supplemental proceedings, ordering defendant to pay a judgment. Reversed.

*O. C. Moore,* for appellant.

*P. F. Quinn,* for respondent, argued that the state insolvency law was superseded by the national bankruptcy act of 1898. *In re Sievers,* 91 Fed. 368; *Boese v. King,* 78 N. Y. 471, s. c. 108 U. S. 379, 27 L. Ed. 760; *Parmenter Mfg. Co. v. Hamilton,* 172 Mass. 178, 51 N. E. 529; *In re Etheridge Furniture Co.,* 92 Fed. 332; *In re Bruss-Ritter Co.,* 90 Fed. 651; *Boedefield v. Reed,* 55 Cal. 299. The provision of § 15 for the discharge of insolvent debtors is not embraced within the title of the act. *Boese v. King, supra.*

DUNBAR, J.—This is an appeal from a final order in a proceeding supplemental to execution. On July 30, 1903, respondent filed its motion for the issuance of a citation against appellant, requiring him to appear and give testimony respecting the amount and location of his property, in order that the same might be reduced to the satisfaction of a judgment, held by respondent against him in the above entitled cause. In support of this motion, respondent filed an affidavit, setting forth that on October 7, 1898, it obtained a judgment against the appellant for the sum of $501, and $16 costs, and interest; that the sum of $458.85 still remains due and unpaid on said judgment, and that execution had been issued thereon, and returned with the report that no property could be found; that appellant

Williams possessed money and personal property which he failed and neglected to produce and apply to the satisfaction of said judgment, and that an order of court was necessary in order that said Williams might be required to submit his property to the satisfaction of said judgment.

Appellant appeared in response to the citation, and made a motion to quash the service and return thereof, on the ground that the issuance of said citation was inadvertent, wrongful, and without the jurisdiction of the court, said motion being based upon all the records in said action and upon the affidavit of appellant. The affidavit set forth that, during the years 1897 and 1898, prior to the 6th day of August, 1898, appellant was engaged in the mercantile business in the state of Washington, under the name and style of Columbia Hardware Company; that on the 6th day of August, 1898, he made a general assignment of all his assets, of every kind and character, for the benefit of all his creditors; that, in his said deed of assignment, appellant gave a list of all of his creditors and the creditors of said Columbia Hardware Company and the amount of their claims; that thereafter, on the 25th day of August, 1898, Morton Doty, as assignee of said estate, filed his bond as required by law, took possession of all the assets and property belonging to the said assigned estate, and filed in the office of the clerk of the superior court of the state of Washington in and for Stevens county, where said assignment was made, his inventory of the assets of said estate, showing the same to be of the value of $2,071.11; that the assignee thereafter gave notice of said assignment, as required by law, to all the creditors of affiant, and the said Columbia Hardware Company, including respondent; that the judgment in this action, and upon which said supplemental proceeding is based, is for an indebtedness of this affiant and of the Columbia Hardware Company, on

account of goods purchased by said Columbia Hardware Company prior to the 6th day of August, 1898, and that the judgment creditor herein, Jensen-King-Byrd Company, was duly and regularly notified of the making of said assignment by said assignee, as required by law, and that neither the Jensen-King-Byrd Company, nor any other creditor of the appellant, nor of the Columbia Hardware Company, at any time instituted bankruptcy proceedings against affiant or the said Columbia Hardware Company, under the federal bankruptcy law, notwithstanding the fact that respondent, and all other creditors of affiant, had full knowledge and information, by notice to them by said assignee, of the fact that said assignment had been made; and that affiant was led to believe, by respondent's silence and inaction, that respondent acquiesced in and ratified appellant's assignment for the benefit of his creditors, and would be satisfied with its proportionate share of the assets of said estate.

Controverting affidavits denied that the respondent had acquiesced in, or would be satisfied with, its proportionate share of the assets of said estate. The court overruled the motion to quash, and, the appellant having admitted his ability to pay said judgment, the court made and entered an order requiring appellant to pay to the clerk of the said superior court the sum demanded.

It is assigned that the court erred in denying appellant's motion to quash, and in entering the order appealed from requiring appellant to pay the clerk of the superior court the sum of $458.85, with interest and costs, in satisfaction of respondent's judgment. So that it will be seen that the vital question to be determined in this case is whether or not the bankruptcy law, which was passed by the United States Congress and approved on July 1, 1898 [30 Stat. 544; U. S. Comp. St. 1901, p. 3418], supersedes or sus-

pends the state insolvency law which was in existence at the time of the passage of said bankruptcy act.

There is some conflict in judicial decisions on this question, but it was decided by this court, in *State ex rel. Strohl v. Superior Court,* 20 Wash. 545, 56 Pac. 35, 45 L. R. A. 177, that the enactment of the federal bankruptcy law of July 1, 1898, did not suspend the jurisdiction of state courts in insolvency cases, where there had been no proceedings in bankruptcy instituted respecting the matter in controversy. This doctrine was reaffirmed in *State ex rel. Heckman v. Superior Court,* 28 Wash. 35, 68 Pac. 170, 92 Am. St. 826, where the doctrine was unequivocally announced that an adjudication of bankruptcy, made in the federal court under the United States bankruptcy law, will not deprive a state court of jurisdiction in a pending suit, in which such bankrupts are involved as parties; citing *Eyster v. Gaff,* 91 U. S. 521, 23 L. Ed. 403, where the following language was used:

"It is a mistake to suppose that the bankrupt law avoids of its own force all judicial proceedings in the state or other courts the instant one of the parties is adjudged a bankrupt. There is nothing in the act which sanctions such a proposition. . . . The same courts remain open to him in such contests, and the statute has not divested those courts of jurisdiction in such actions. If it has for certain classes of actions conferred a jurisdiction for the benefit of the assignee in the circuit and district courts of the United States, it is concurrent with and does not divest that of the state courts."

This case falls within the rule announced in the cases just cited, and the motion of the appellant should have been sustained.

The contention of the respondent, that § 15 of the act entitled, "An act to secure creditors a just division of the estate of debtors who conveyed to assignee for the benefit

of creditors" [Laws 1890, p. 88], is not constitutional, being in conflict with § 19, art. 2 of the constitution of the state of Washington—which is to the effect that no bill shall embrace more than one subject and that shall be expressed in the title—is without merit and cannot be sustained under the uniform holdings of this court.

The cause will be reversed, and remanded with instructions to dismiss the proceeding.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.