In re BRIDGE.

(District Court, W. D. Washington, N. D.   February 24, 1916.)

No. 5570.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⊙═⟶25—RIGHT TO MAKE ASSIGN-
MENT.

Irrespective of statute, a party under the common law has a right to
transfer all of his property to another for the purpose of converting it
into money and paying it to all of his creditors in proportion to their
debts.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors,
Cent. Dig. § 47; Dec. Dig. ⊙═⟶25.]

2. BANKRUPTCY ⊙═⟶198—EFFECT ON TRANSFERS MORE THAN FOUR MONTHS BE-
FORE BANKRUPTCY.

While an adjudication in bankruptcy supersedes and suspends a state
insolvency act, where an assignment was made under an insolvency law
recognized by the highest court of the state as valid and subsisting, and
was assented to by all existing creditors, and no bankruptcy petition was
filed within four months, an adjudication 20 months after the assignment,
and after sales by the assignee and the payment of dividends to creditors,
predicated upon new credits and a new act of bankruptcy subsequent to
the assignment, did not avoid the assignment, set aside sales made by
the assignee, and vest title to the property in the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 289, 296–316;
Dec. Dig. ⊙═⟶198.]

In Bankruptcy. In the matter of Alexander Bridge, bankrupt. On
petition by the trustee for an order requiring an assignee to account
for and surrender certain property. Petition denied.

De Roy & Sladkus and Leopold M. Stern, of Seattle, Wash., for
trustee.

Oldham & Goodale, of Seattle, Wash., for assignee.

NETERER, District Judge. On December 7, 1915, Alexander
Bridge was adjudicated bankrupt. In the creditor's petition it was
alleged that he, while insolvent, did, within four months, commit an
act of bankruptcy, in that, on October 8, 1915, he suffered and per-
mitted P. B. Truax, assignee of a former business, to take "all his
goods away from him," and "did not, within five days  *  *  *  be-
fore a final disposition of the property affected,  *  *  *  vacate
*  *  *  such preference," and obtain a preference through legal pro-
ceedings, etc. On August 13, 1913, bankrupt and his wife made an
assignment to P. B. Truax of all of their property for the benefit of
creditors. The assignment was assented to by all of the then existing
creditors. The assignee took possession, and from time to time sold
portions of the property and paid dividends to creditors to the amount
of 65 per cent. of the indebtedness, and is now proceeding to sell the
remaining assets for the purpose of prorating the proceeds among the
creditors entitled to share therein. The trustee in bankruptcy has peti-
tioned this court for an order requiring the assignee to account for
and surrender all of the assigned property, to which the assignee has
answered, praying dismissal of the petition upon the ground that the
assignment was made more than four months prior to bankruptcy.

⊙═⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The trustee contends that the Washington statute was suspended by the passage of the federal Bankruptcy Act, and that proceedings instituted thereunder are void. Numerous authorities are presented, and there appears to be some diversity of opinion among the various courts with relation to this issue. It may be said, however, that irrespective of statute a party, under the common law, has a right to do what he wills with his property, so long as he acts fairly and does not jeopardize the rights of others, and may carry this privilege to transferring all of his property to another for the purpose of converting it into money and paying the same to all of the creditors in proportion as the respective claims may bear to the value of the estate. Brashear v. West, 7 Pet. 608, 8 L. Ed. 801. The statutory enactments providing for assignments for the benefit of creditors have their basis upon the common-law right of disposition, and a proper construction of such statutory enactments can only be made by keeping in mind this fundamental basis of such superstructure; and where assignments for benefit of creditors are not invalid under state statutory enactments, they are "entitled to commendation." Mayer v. Hellman, 91 U. S. 496, 23 L. Ed. 377.

[2] The Washington statute (chapter 5, §§ 1086–1103, Remington & Ballinger's Code) providing for the assignment by a failing debtor of all of his property for the benefit of his creditors, requires the giving of notice to the creditors, and provides for all proceedings, including the filing of claims, payment of dividends, and the final closing of the estate and discharge of the assignee, and also provides for the discharge of the debtor from debts existing at the time of the assignment, where he has been guilty of no act denounced by this law. It cannot be seriously urged that the provisions of the state statute providing for the discharge of the debtor are operative. Boese v. King, 108 U. S. 379, 2 Sup. Ct. 765, 27 L. Ed. 760. This law is voluntary, and is designated "assignment for the benefit of creditors." It does not compel assignment, but prescribes a mode by which the trust created by assignment shall be administered.

With relation to the act as a whole, the state Supreme Court, in Jensen-King-Byrd Co. v. Williams, 35 Wash. 161, 164, 76 Pac. 934, 935, said:

"So that it will be seen that the vital question to be determined in this case is whether or not the bankruptcy law, which was passed by the United States Congress and approved on July 1, 1898, * * * supersedes or suspends the state insolvency law which was in existence at the time of the passage of said Bankruptcy Act. There is some conflict in judicial decisions on this question, but it was decided by this court, in State ex rel. Strohl v. Superior Court, 20 Wash. 545, 56 Pac. 35, 45 L. R. A. 177, that the enactment of the federal Bankruptcy Law of July 1, 1898, did not suspend the jurisdiction of state courts in insolvency cases, where there had been no proceedings in bankruptcy instituted respecting the matter in controversy. * * * This case falls within the rule announced in the cases just cited, and the motion of the appellant should have been sustained."

The Supreme Court of Oregon, in Pelton v. Sheridan, 74 Or. 176, 144 Pac. 410, in passing on an assignment law similar to the Washington statute, by a divided court, held that such law was suspended by the Bankruptcy Act of 1898 (30 Stat. 544, c. 541), and confirmed

an attachment lien upon property included in a deed of assignment. In State ex rel. Strohl v. Superior Court of King County, 20 Wash. 545, on page 552, 56 Pac. 35, on page 37 (45 L. R. A. 177), the Washington Supreme Court held that "until adjudication by the proper tribunal" the remedies provided by existing state law were available to all parties, and said: "Unquestionably upon such adjudication the power of the state court to proceed further ceases." In this case the court was determining an issue involving a receivership of a corporation which was insolvent or in imminent danger of insolvency, and the trust fund doctrine having been frequently affirmed by the court, proceeded under the provisions of the Washington Code of Procedure, § 326, subd. 5; Ballinger's Code, section 5456.

A party is insolvent when the aggregate of his property shall not, at a fair valuation, be sufficient in amount to pay his debts. Section 1, subd. 15, Bankruptcy Act (Comp. St. 1913, § 9585). Section 3, subd. 4, of the Bankruptcy Act as amended in 1903 (section 9587), provides that an act of bankruptcy shall consist of having "made a general assignment for the benefit of his creditors. * * * (b) A petition may be filed against a person who is insolvent and who has committed an act of bankruptcy within four months after the commission of such act." Two conditions must exist: First, insolvency; second, an act of bankruptcy. Under the laws of Washington an individual, although insolvent or in failing circumstances, may pay or secure one or more creditors to the exclusion of all others equally meritorious, even if by so doing he exhausts the whole of his property (Victor v. Glover, 17 Wash. 37, 48 Pac. 788, 40 L. R. A. 297; McAvoy v. Jennings, 44 Wash. 79, 87 Pac. 53); and in the latter case the court held that a debtor had a right to stipulate in the deed, as a condition to receiving his pro rata from the property transferred, that a creditor shall deliver to the debtor a release of all claims against him.

No question of fraud or preference enters into this case. The purpose of the deed of general assignment was to make pro rata distribution to all of the creditors of the estate. It should be stated, in this connection, that at bar it appeared that the petitioning creditors are creditors scheduled in the deed of assignment, and who assented to the original assignment and participated in the dividends paid by the trustee, and that new credit was extended to the debtor subsequent to the deed of assignment, and the bankruptcy proceeding is predicated in part at least upon the new indebtedness. Under the Bankrupt Law of 1867 (14 Stat. 517, c. 176) an assignment for the benefit of creditors was valid if not impeached by a petition in bankruptcy within six months after its execution (Mayer v. Hellman, supra); and the 1898 act limits the filing of a petition to 4 months after the "general assignment" which is charged as the act of bankruptcy. The adjudication in bankruptcy unquestionably supersedes and suspends a state insolvency act, and no question could arise as to the right of the trustee to the possession of the property if the petition for adjudication had been filed within 4 months of the assignment; no controlling acts of estoppel being present. But where an assignment is made under the law of the state, recognized by the highest court of the

state as valid and subsisting, assented to by all of the then existing creditors, and no petition of bankruptcy is filed within the time limited by the Bankruptcy Act, shall it be said that 20 months after the assignment, and after a sale of many thousand dollars worth of property by the assignee and the payment of 65 per cent. upon the claims of the creditors, upon petition predicated upon new credits and a new act of bankruptcy, the assignment is thereby avoided, and all of the sales made by the assignee set aside, and the title to all of the property vested in the trustee? The creditors who assented to the deed of assignment, and participated in the administration of the estate and the distribution of the dividends, are unquestionably estopped by such proceeding. Simonson v. Sinsheimer, 95 Fed. 948, 37 C. C. A. 337. The rights of all parties interested in that estate became fixed and vested, and parties (old creditors) extending new credit did so with full notice of the assignment and vested rights of the parties as fixed by such deed of assignment, and not upon such property as the basis of credit, and should not be permitted, through this trustee in bankruptcy, to unsettle the rights and interests as fixed by the assignment and the various transfers made by the trustee to bona fide purchasers in good faith.

It is clear that the assignment of the property by the insolvent, to be disposed of under the provisions as prescribed by the laws of Washington, constituted an act of bankruptcy, which, upon a proper petition filed within the time provided by the Bankrupt Act, would afford basis for adjudication and secure administration in the bankrupt court. The way was open, by timely action, to secure such control; but nothing was done within the time prescribed by the act, and it is now too late to invoke the provisions of the Bankrupt Act. Boese v. King, supra. In that case the court, at page 385 of 108 U. S., at page 770 of 2 Sup. Ct. (27 L. Ed. 760), said:

"It can hardly be that the court is obliged to lend its aid to those who, neglecting or refusing to avail themselves of the provisions of the act of Congress, seek to accomplish ends inconsistent with that equality among creditors which those provisions were designed to secure. If it be assumed, for the purposes of this case, that the statute of New Jersey was, as to each and all of its provisions, suspended when the Bankrupt Act of 1867 was passed, it does not follow that the assignment by Locke was ineffectual for every purpose. Certainly that instrument was sufficient to pass the title from Locke to his assignees. * * * And in, the absence of proceedings in the bankruptcy court impeaching the assignment, and so long as Locke did not object, the assignees had authority to sell the property and distribute the proceeds among all the creditors, disregarding so much of the deed of assignment as required the assignees, in the distribution of the proceeds, to conform to the local statute. The assignment was not void as between the debtor and the assignees simply because it provided for the distribution of the proceeds of the property in pursuance of a statute, none of the provisions of which, it is claimed, were then in force."

In Re Shinn (D. C.) 185 Fed. 990, at 992, the court said:

"It will be noted that the conveyance was made and the attachment issued more than four months before the institution of bankruptcy proceedings. They are therefore not null and void within the denouncement of the bankruptcy act. * * * So far as Shinn [bankrupt] is concerned, the conveyance to Bacharach [assignee] is irrevocable."

Justice Field, in Mayer v. Hellman, supra, at page 501 of 91 U. S. (23 L. Ed. 377), said:

"The great object of the Bankrupt Act, so far as creditors are concerned, is to secure equality of distribution among them of the property of the bankrupt. For that purpose it sets aside all transactions had within a prescribed period previous to the petition in bankruptcy, defeating, or tending to defeat, such distribution. It reaches to proceedings of every form and kind undertaken or executed within that period by which a preference can be secured to one creditor over another, or the purposes of the act evaded. That period is four months for some transactions, and six months for others. Those periods constitute the limitation within which the transactions will be examined and annulled, if conflicting with the provisions of the Bankrupt Act. Transactions anterior to these periods are presumed to have been acquiesced in by the creditors. There is sound policy in prescribing a limitation of this kind. It would be in the highest degree injurious to the community to have the validity of business transactions with debtors, in which it is interested, subject to the contingency of being assailed by subsequent proceedings in bankruptcy. Unless, therefore, a transaction is void against creditors independently of the provisions of the Bankrupt Act, its validity is not open to contestation by the assignee, where it took place at the period prescribed by the statute anterior to the proceedings in bankruptcy. The assignment in this case was not a proceeding, as already said, in hostility to the creditors, but for their benefit. It was not, therefore, void as against them, or even voidable. Executed six months before the petition in bankruptcy was filed, it is, to the assignee in bankruptcy, a closed proceeding."

In re Weedman Stove Co., 199 Fed. 948 (District Court, Ark.), sustains the position of the trustee. In Frazier v. Southern Loan & Trust Co., 99 Fed. 707, 40 C. C. A. 76, the court held that an assignment for the benefit of creditors under the state law more than four months prior to bankruptcy was valid, and declined to take the property from the state court, and the same was done (In re Farrell, 175 Fed. 505, 100 C. C. A. 63); while in Re Curtis (D. C.) 91 Fed. 737, a voluntary assignment made under a state insolvency statute was held void; and to the same effect is Ketcham v. McNamara, 72 Conn. 709, 46 Atl. 146, 50 L. R. A. 641, 6 Am. Bankr. Rep. 160.

The trustee may have a right to recover from the assignee the property taken from the bankrupt, as charged in the petition for adjudication, or its value. But he has no right to an accounting from the assignee and the delivery to him of all of the property transferred by the deed of assignment.

The petition is denied.