STERN v. TRUAX.

(District Court, W. D. Washington, N. D. June 26, 1916.)

No. 3255.

BANKRUPTCY ⊜⇒211—PROCEEDINGS—RIGHT OF TRUSTEE.

An assignment for the benefit of creditors was valid, and not subject to attack on account of the assignor's bankruptcy; the petition not having been filed within four months thereafter. The state court entered an order declaring that the assignee was the owner of a stock of merchandise assigned, subject to a chattel mortgage, that the bankrupt had no interest therein, and that the assignee should dispose of the same subject to the approval and confirmation of the court. The order further recited that it was without prejudice to assertion by any creditor of any right he might have as against the assignee. The trustee in bankruptcy of the assignor claimed the proceeds of the stock on the ground that the order gave a preference to creditors in violation of the Bankruptcy Act. *Held,* that the judgment was not a preference, but merely confirmed the title of the assignee, and the trustee must, if entitled to relief, seek it in the state court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. ⊜⇒211.]

At Law. Action by L. M. Stern, trustee in bankruptcy of A. Bridge, against P. B. Truax, administrator. Decree for defendant.

L. M. Stern, of Seattle, Wash., in pro. per.
Oldham & Goodale, of Seattle, Wash., for defendant.

NETERER, District Judge. This court heretofore (In re Bridge, 230 Fed. 184) held that the deed of assignment for benefit of creditors of A. Bridge on the 13th of August, 1913, was valid, and that, no petition in bankruptcy having been filed within four months, the adjudication in bankruptcy did not avoid the assignment and vest title to the property in the trustee in bankruptcy. The plaintiff, as trustee in bankruptcy, now seeks to recover from the assignee in the deed of assignment the sum of $1,750, received for a stock of merchandise sold by the assignee under order of the state court entered on the 15th day of October, 1915, in which order it is adjudged and decreed:

"(1) That the assignee herein is the owner of all of the stock, furniture, and fixtures, and accounts receivable now in the store situated at 423 Pike street, in the city of Seattle, and that he be and is hereby directed to hold, manage, protect, sell, and administer the same as a part of the assets of this estate.

"(2) That the title of the assignee herein to said property is subject to a certain chattel mortgage in favor of the Union Label Clothing Company, and that the amount remaining due on said mortgage is $3,181.78 principal, together with interest from May 24, 1915, at the rate of 7 per cent. per annum, amounting all together to $3,290.84.

"(3) That neither A. Bridge nor Bertha Bridge, his wife, the assignors herein, * * * have any interest in the property herein referred to. * * *

"(4) That the assignee be and he is hereby ordered to proceed forthwith to sell the stock of goods and the fixtures herein referred to on such terms and at such price as he shall deem just and advantageous to the estate, subject to the approval and confirmation of this court. It is further ordered that this order is without prejudice to any creditor asserting and having any right which he may have in or to said merchandise as against said assignee."

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is contended on the part of the plaintiff that the judgment cannot be given consideration upon this trial, as it was giving a preference to creditors, violative of the Bankruptcy Act. An examination of the judgment, considered in the light of the evidence presented in this case, convinces me that this contention cannot be sustained. The judgment is not a judgment of preference in the light of the act. It is a judgment confirming title in the assignee under the deed of assignment, which by this court has been held operative. The property was not property which would pass to the trustee in bankruptcy, as the title to the money which purchased the goods had passed from the bankrupt many months prior to adjudication under the deed of assignment. The fact that money which passed to the assignee was used to purchase a stock of goods does not change the assignee's right. The title vesting in the assignee, the judgment of the superior court, being merely confirmatory thereof, must be given recognition. The state court having adjudicated in favor of the assignee and against the bankrupt, no interest passed to the trustee, and the trustee cannot proceed in this court independent of that judgment; but his relief, if the judgment is erroneous, must be from the operation of the judgment through the state court.