[No. 22890. Department Two. May 4, 1931.]

E. ANDERSON, *Appellant,* v. VICTOR ZELENSKY *et al., Respondents.*[1]

*Ackerman & Manley,* for appellant.
*F. L. Morgan,* for respondents.

FULLERTON, J.—On June 3, 1929, the respondents, Zelensky, purporting to act under the statutes of this

[1]Reported in 298 Pac. 720.

state (Rem. Comp. Stat., §§ 1086, *et seq.*), made a deed of assignment of all of their property for the benefit of their creditors, naming one R. W. Miller as assignee. Such proceedings were had therein as to result in an order of the superior court in which the proceedings were pending, entered as of November 12, 1929, discharging the assignors from any liability for or on account of any indebtedness which they had incurred prior to the date of the deed of assignment.

On November 20, 1929, the appellant, Anderson, appeared specially in the proceedings and petitioned the court to vacate the order of discharge. In the petition, he alleged that he was the holder for collection of a promissory note for the sum of five hundred dollars and interest, made and delivered by the assignors to one Jack Morton, no part of which note had been paid; that the note had not been listed as an indebtedness of the assignors in the list of creditors filed with the deed of assignment; and that the statutory notice of the proceedings had not been given either to him or to the payee of the note. Other matters are alleged, tending to show that the proceedings are void as against any and all of the creditors of the assignors.

Issue was taken on the allegations of the petition, and a hearing was had thereon. The court, at the conclusion of the hearing, denied the relief sought, and the petitioner appeals from the order evidencing its ruling.

The parties have argued a number of questions, which, we think, are not properly before us for consideration. In our opinion, the petitioner has no such standing as will enable him to maintain a petition to vacate the order of the court he attacks. If it be true, as he alleges, that neither he nor the payee of the obligation which he holds was listed as a creditor of the assignors, and was not given the statutory notice of

the proceedings, the proceedings are void as to him, even conceding that they were regular and valid in other respects. On the other hand, if he was properly listed as a creditor of the assignors, and was given the statutory notice of their pendency, it was his duty to appear in the proceedings during their pendency, and make such objections thereto as he had. He cannot be permitted to default therein, and, after a final order is entered, appear by petition to vacate the order for causes which pertain to the merits of the proceedings.

We have not overlooked the argument of the appellant to the effect that the statute relating to assignments for the benefit of creditors, invoked by the respondents, is superseded by the national bankruptcy act, in so far, at least, as it purports to relieve a debtor from his obligations to his creditors. But if the argument be sound, it does not aid the appellant in the present case. It is only an additional reason for holding that the appellant's rights are in no way affected by the order, and that it is of no concern to him whether it is permitted to stand as entered or is vacated.

The order appealed from is affirmed.

TOLMAN, C. J., BEALS, MILLARD, and BEELER, JJ., concur.