[No. 23766. Department One. July 12, 1932.]

TACOMA GROCERY COMPANY, *Respondent*, v. G. L.
DOERSCH, *Defendant*, J. H. BROWN, *as
Assignee, Appellant.*[1]

*R. H. Fry,* for appellant.
*Frank P. Christensen,* for respondent.

HERMAN, J.—August 5, 1931, the defendant G. L.
Doersch made an assignment for the benefit of credi-
tors to J. H. Brown, as assignee. The assignment was
made in Thurston county, in accordance with the law as
set forth in Rem. Comp. Stat., § 1086 *et seq.* It is stip-
ulated that, the same day, the assignee filed an inven-
tory showing the assets of defendant to be worth
$765.16, and his liabilities $1,225.81. Thirteen credi-
tors, whose claims varied in amount from $8 to $698.35,
were notified. It is further stipulated that plaintiff,
Tacoma Grocery Company, did not file any claim with
the assignee, although, as a creditor, it was served with
notice of the assignment. No proceedings in bank-

[1]Reported in 12 P. (2d) 929.

ruptcy have been instituted in connection with the affairs of the defendant. August 7, 1931, plaintiff sued defendant to recover the sum of $705.90, for goods, wares and merchandise sold to defendant prior to the aforesaid assignment. Thereafter, plaintiff caused a writ of garnishment to be issued and served upon the assignee, who answered denying that he had in his possession or under his control any of defendant's property, and denying that he was indebted to defendant in any sum whatsoever.

Plaintiff filed an affidavit controverting the answer of the garnishee defendant, and setting forth that the garnishee defendant is the assignee of the defendant, and as such assignee has in his possession or under his control all of the property of defendant. The garnishee defendant demurred to the controverting affidavit on the ground that it "fails to state facts sufficient to constitute a defense or complaint herein." This demurrer was overruled, and the garnishee defendant refused to make further answer, whereupon judgment was entered in favor of plaintiff against the garnishee defendant. From that judgment, the garnishee defendant has appealed.

The memorandum opinion filed by the trial court indicates that its reason for overruling the demurrer is that the state insolvency law has been superseded and rendered inoperative by the National Bankruptcy Act.

Appellant calls to our attention the case of *Jensen-King-Byrd Co. v. Williams,* 35 Wash. 161, 76 Pac. 934, wherein the court said:

"The enactment of the federal bankruptcy law of July 1, 1898, did not suspend the jurisdiction of state courts in insolvency cases, where there had been no proceedings in bankruptcy instituted respecting the matter in controversy."

The opinion in the case cited was written after the United States supreme court had decided the case of *Boese v. King*, 108 U. S. 379, 27 L. Ed. (U. S.) 76. In the last mentioned case (which was a five to four decision), Mr. Justice Harlan, who wrote the majority opinion, said:

"If it be assumed, for the purposes of this case, that the statute of New Jersey was, as to each and all of its provisions, suspended when the Bankrupt Act of 1867 was passed, it does not follow that the assignment by Locke was ineffectual for every purpose. Certainly, that instrument was sufficient to pass the title from Locke to his assignees. It was good as between them, at least until Locke, in some appropriate mode, or by some proper proceedings, manifested a right to have it set aside or cancelled upon the ground of a mutual mistake in supposing that the local statute of 1846 was operative. And in the absence of proceedings in the bankruptcy court impeaching the assignment, and so long as Locke did not object, the assignees had authority to sell the property and distribute the proceeds among all the creditors, disregarding so much of the deed of assignment as required the assignees in the distribution of the proceeds, to conform to the local statute. The assignment was not void as between the debtor and the assignees simply because it provided for the distribution of the proceeds of the property in pursuance of a statute, none of the provisions of which, it is claimed, were then in force."

The following quotation is from the dissenting opinion in the above case, written by Mr. Justice Mathews and concurred in by three of his associates:

"The New Jersey statute of April 16th, 1846, the validity and effect of which are in question, is an insolvent or bankrupt law, which provides for the administration of the assets of debtors who make assignments of all their assets to trustees for creditors, and for their discharge from liabilities to creditors sharing in the distribution. It was accordingly in conflict with the National Bankrupt Act of 1867 when the

latter took effect, and from that time became suspended and without force until the repeal of the act of Congress. It is conceded that the 14th section, which provides for the discharge of the debtor, is void by reason of this conflict, and, in our opinion, this carries with it the entire statute. For the statute is an entirety, and, to take away the distinctive feature contained in the 14th section, destroys the system. It is not an independent provision, but an inseparable part of the scheme contained in the law.

"This being so, the assignment in the present case must be regarded as unlawful and void as to creditors. For it was made in view of this statute and to be administered under it. Such is the express recital of the instrument and the finding of the fact by the court. It is as if the provisions of the act had been embodied in it and it had declared expressly that it was executed with the proviso that no distribution should be made of any part of the debtor's estate to any creditor except upon condition of the release of the unpaid portion of his claim.

"It is not possible, we think, to treat the assignment as though the law of the state in view of which it was made, and subject to the provisions of which it was intended to operate, had never existed, or had been repealed before its execution. Because there is no reason to believe that, in that state of the case, the debtor would have made an assignment on such terms. To do so is to construct for him a contract which he did not make and which there is no evidence that he intended to make."

The National Bankruptcy Act provides: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication . . ." U. S. C. A., Title 11, chap. 6, § 93, subd. (n), as amended May 27, 1926, 44 Stat. 666.

The laws of Washington provide, among other things, with reference to assignments for the benefit of creditors:

"All creditors who shall not exhibit their claims within the term of three months from the publication of notice as aforesaid, shall not participate in the dividends until after payment in full of all claims presented within said term and allowed by the court." Rem. Comp. Stat., § 1097.

More than twenty years after the decision in *Jensen-King-Byrd v. Williams, supra,* the United States supreme court, in the case of *International Shoe Co. v. Pinkus,* 278 U. S. 261, said:

"The power of Congress to establish uniform laws on the subject of bankruptcies throughout the United States is unrestricted and paramount. Constitution, Art. I, § 8, cl. 4. The purpose to exclude state action for the discharge of insolvent debtors may be manifested without specific declaration to that end; that which is clearly implied is of equal force as that which is expressed. *New York Central R. R. Co. v. Winfield,* 244 U. S. 147, 150, *et seq. Erie R. R. Co. v. Winfield,* 244 U. S. 170. *Savage v. Jones,* 225 U. S. 501, 533. The general rule is that an intention wholly to exclude state action will not be implied unless, when fairly interpreted, an act of Congress is plainly in conflict with state regulation of the same subject. *Savage v. Jones, supra. Illinois Central R. R. Co. v. Public Utilities Commission,* 245 U. S. 493, 510. *Merchants Exchange v. Missouri,* 248 U. S. 365. In respect of bankruptcies the intention of Congress is plain. The national purpose to establish uniformity necessarily excludes state regulation. . . . Congress did not intend to give insolvent debtors seeking discharge, or their creditors seeking to collect claims, choice between the relief provided by the Bankruptcy Act and that specified in state insolvency laws. States may not pass or enforce laws to interfere with or complement the Bankruptcy Act or to provide additional or auxiliary regulations. *Prigg v. Pennsylvania,* 16 Pet. 539, 617, 618. *Northern Pacific Ry. v. Washington,* 222 U. S. 370, 378, *et seq. St. Louis, Iron Mt. & S. Ry. v. Edwards,* 227 U. S. 265. *Erie R. R. Co. v. New York,* 233 U. S. 671, 681, *et seq.*

*New York Central R. R. Co. v. Winfield, supra. Erie R. R. Co. v. Winfield, supra. Oregon-Washington Co. v. Washington,* 270 U. S. 87, 101.''

In the case of *Armour & Co. v. Becker,* 167 Wash. 245, 9 P. (2d) 63, the court said:

''The above decision [*International Shoe Co. v. Pinkus, supra*] is controlling here. Bankruptcy proceedings were not invoked in that case and the creditor in that case could not have done so because its claim was less than five hundred dollars, just as in this. It was there distinctly held that the passage of the bankruptcy act superseded the state law, at least in so far as it relates to the distribution of property and discharges to be given. See, also, *In re Tarnowski,* 191 Wis. 279, 210 N. W. 836, 49 A. L. R. 686.

''Notwithstanding expressions in some of our early cases, we are bound by the decision of the supreme court of the United States in this field of the law, and conclude that the judgment of the trial court herein was right on that question.''

The parties to this appeal have agreed that no bankruptcy proceedings were instituted. Their stipulation also shows that the entire proceeding in connection with the assignment of defendant Doersch was under the state insolvency law. In this respect, the case at bar is analogous to the case of *International Shoe Co. v. Pinkus, supra,* wherein the court said:

''As all the proceedings were had under the Arkansas insolvency law, we need not decide whether, independently of statute, an assignment for the benefit of creditors on the conditions specified in the decree would protect the property of the insolvent from seizure to pay the judgment. And, as the passage of the Bankruptcy Act superseded the state law, at least insofar as it relates to the distribution of property and releases to be given, plaintiff in error is entitled to have its judgment paid out of the fund in the hands of the receiver.''

612

The trial court properly overruled the garnishee defendant's demurrer, and rightly entered judgment for respondent against appellant. Judgment affirmed.

MITCHELL, MILLARD, MAIN, and BEALS, JJ., concur.