[No. 24187. Department One. November 14, 1932.]

E. ANDERSON, *Appellant*, v. VICTOR ZELENSKY *et al.*, *Respondents.*[1]

T. H. McKay, for appellant.
F. L. Morgan, for respondents.

MILLARD, J.—On October 6, 1926, the defendants, a marital community, borrowed on their promissory note, payable to the lender fifty-five days after date, with interest at eight per cent per annum, five hundred dollars from Jack Morton. That note was placed with a bank in Montesano for collection, but was not paid.

On June 3, 1929, pursuant to the statute (Rem. Comp. Stat., § 1086 *et seq.*), the defendants made an assignment for the benefit of creditors to R. W. Miller as assignee. Claims of thirty-eight creditors, aggregating $6,728, were listed. The assignee gave notice of the assignment by publication in a newspaper of the

[1]Reported in 15 P. (2d) 934.

county, but did not comply with the statutory requirement (Rem. Comp. Stat., § 1090) that a notice of the assignment be mailed to each creditor. It does not appear that the payee, or that the bank with which the note was placed for collection, had actual knowledge of the assignment. The assignee did not list any property other than exempt property, and that was set off to the assignors. No dividend was paid.

On November 12, 1929, the court approved the final account of the assignee and entered an order discharging the assignors from any liability on account of any indebtedness existing prior to the date of the assignment. Subsequent to the assignment for the benefit of creditors, but prior to the entry of the order discharging the assignors, the note was transferred by the payee to E. Anderson for collection, and an action was instituted against the makers of the note.

After the entry of the order discharging the assignors, plaintiff appeared specially in the assignment proceeding, and filed a petition to vacate the order of discharge. The grounds for the petition were that neither the plaintiff nor the payee of the note upon which the action was brought had notice or knowledge of the assignment proceeding prior to the signing of the order of discharge, and that our statute relating to assignments for the benefit of creditors was superseded by the national bankruptcy act. The petition was denied. Upon plaintiff's appeal to this court, the order denying the petition was affirmed. *Anderson v. Zelensky,* 162 Wash. 412, 298 Pac. 720.

Following that affirmance—the action on the note was stayed pending the disposition of plaintiff's appeal from the order denying the petition to vacate the order of discharge in the assignment proceeding—trial was had to the court of the action upon the note, and re-

sulted in judgment of dismissal. The plaintiff has appealed.

Is the action upon the note barred by the order of discharge in the assignment proceeding and the affirmance of the order denying the appellant's petition to vacate that order?

Appellant's right to recover was not foreclosed by our affirmance of the order denying the petition *(Anderson v. Zelensky,* 162 Wash. 412, 298 Pac. 720) of the appellant for vacation of the order of discharge in the assignment proceeding. We there held that the appellant had no standing for the maintenance of a petition to vacate the order. We expressly held that, if neither he nor the payee of the note were listed as a creditor of the respondent assignors, and were not given the required statutory notice of the proceeding, the proceeding was void as to appellant. We also held that, if our statute relating to assignments for the benefit of creditors was superseded by the national bankruptcy act, insofar as it purported to relieve a debtor from his obligations to his creditors, the rights of the appellant were in no way affected by the order.

In other words, if the appellant did not receive the statutory notice, the order of discharge was void as a defense against the note; and if the national bankruptcy act superseded the statute relating to assignments for the benefit of creditors, the order of discharge was not a bar to the action upon the note.

It clearly appears that the required statutory notice was not given to the payee of the note, to the bank holding same for collection, nor to appellant to whom the same was assigned for collection. Therefore, the assignment proceeding was void as to the appellant.

The national bankruptcy act supersedes the state law relating to assignments for the benefit of

creditors. *Tacoma Grocery Co. v. Doersch,* 168 Wash. 606, 12 Pac. (2d) 929.

It follows that the judgment should be reversed, and the cause remanded with directions to enter judgment in favor of appellant; and it is so ordered.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.